MITCHELL *vs.* THE WESTERN & ATLANTIC RAILROAD
COMPANY.

In a suit against a railroad for damages to personalty, the question of
    negligence is one of fact; and therefore, where the case turned
    on that question, on *certiorari* from a magistrate's court, the judge
    should not render final judgment, but remand the case for a new
    trial, if errors have occurred.

*Certiorari.*    Before Judge McCUTCHEN.    Whitfield
Superior Court.    April Term, 1880.

Reported in the decision.

D. W. HUMPHREYS, for plaintiff in error.

JOHNSON & McCAMY, for defendant.

JACKSON, Chief Justice.

The plaintiff's cow was killed by the running of defend-
ant's train; in the justice court, on trial before the jury,
he recovered twenty-five dollars damages; the defendant
carried the case to the superior court by writ of *certiorari;*
that court rendered a final judgment in the cause, setting
aside the verdict and rendering judgment for the defend-
ant, without remanding the cause for another trial in the
justice court; thereupon the plaintiff sued out a writ of
error to that judgment of the superior court to this court,
and the error assigned is that the court erred in rendering
a final judgment for defendant.

If the facts were undisputed and the case turned purely
on a legal question, then the court had the legal power to
award a final judgment; if facts were involved and in
dispute and issue made thereon, then the court had not
the legal power to make a final disposition of the case,
but it was its duty, in our judgment, to set aside the ver-
dict in the justice court, and award a new trial therein.

Code, §4067; 60 *Ga.*, 100; 59 *Ib.*, 882; 58 *Ib.*, 142; 56 *Ib.*, 525; 55 *Ib.*, 315; 54 *Ib.*, 264; 62 *Ib.*, 345.

These cases decide the principle that on a writ of *certiorari*, as in other causes, facts are for the jury, law is for the court. Such is the statute cited as well as the principle ruled in the cases cited. Indeed it is the universal rule in our Georgia jurisprudence, and we derive it from the common law of our English ancestors. It is deemed so valuable as to be incorporated in the constitution, state and federal.

The only question, therefore, is, are facts involved and in dispute in this case?

The cow was killed by the train; the presumption is that it was done by the negligence of the defendant's agents. Code, §3033. That presumption was attempted to be rebutted by proof of diligence, and the fact of diligence or negligence, testified to variously by witnesses, made the issue in dispute. Questions of negligence are always issues of fact, and for the decision of the jury. 34 *Ga.*, 330; 56 *Ib.*, 457, 540.

The judgment must be reversed on the ground that the court erred in rendering a final judgment, instead of sending the case back for a new trial before a jury in the justice court.

Judgment reversed.