THE NORTHEASTERN RAILROAD COMPANY *vs.* MARTIN.

Where a railroad company was sued for the killing of a cow, and on the trial it appeared that, at the time she was killed, the train was going down a steep grade quite rapidly ; that the engineer alone was on the lookout, sitting at the right side of his engine ; that, by reason of the fact that the smoke-stack obstructed his view to the left, he could not see the cow ; that the fireman, the only other person on the engine, was at the time "firing up the engine ;" and that nobody was looking out on the left side of the engine, on which side the cow got upon the railroad ; a verdict finding against the company was not without evidence to support it. The jury may have considered that the fact that nobody was on the lookout on the left side of the engine, was negligence on the part of the railroad company ; and they may have concluded that if anybody had been looking out on that side, the cow could have been seen in time to have stopped the train and avoided the casualty.

April 1, 1887.

Railroads. Damages. Negligence. Before Judge ESTES. Hall Superior Court. August Term, 1886.

Reported in the decision.

POPE BARROW ; GEO. D. THOMAS, for plaintiff in error.

J. M. TOWERY ; W. F. FINDLEY, for defendant.

BLANDFORD, Justice.

Martin sued this railroad company for killing a cow, and obtained judgment in a justice's court. This judgment was set aside by the judge upon *certiorari ;* another trial was had, and Martin obtained another judgment, and a verdict by a jury in the justice's court, against the railroad company for the value of the cow. Another application for *certiorari* was made to the judge of the superior court, and on the hearing, he dismissed the writ of *certiorari*, and allowed the judgment of the justice's court to be affirmed.

It was shown by the evidence that at the time this cow

The Northeastern Railroad Company *vs.* Martin.

was killed, the train was going down a steep grade quite rapidly, and that the engineer alone was on the lookout, sitting at the right of his engine, and that by reason of the smoke-stack between him and the cow, he could not see the cow. The fireman, the only person on the engine with him, was at the time firing up the engine, and nobody was looking out on the left side of the engine, the side on which it was said the cow got upon the railroad. The jury may have considered that the fact that nobody was on the lookout on the left side of the engine, was negligence on the part of the railroad company; and they may have concluded that if anybody had been looking out on that side, the cow could have been seen in time to stop the train and avoid hurting the cow.

The case is somewhat similar to such a case as this : A gentleman riding in his carriage has a one-eyed driver, whose left eye is out, and in consequence, the driver runs over a person on the left side of the carriage. He is sued for this, and replies that he had a driver who was a very careful driver, and kept on the lookout with his right eye, but that he had no left eye. The jury might in such a case conclude that the use of a one-eyed driver was in itself an act of negligence on the part of the master, for which he is liable.

We affirm the judgment of the court below in this case, with this hint which we throw out : that where it is necessary to have a lookout, the railroad company may rely upon its fireman, if it thinks proper to do so, provided the fireman does look out; but if his duties require him to fire the engine, they had better get somebody else to look out. This is a very small case, but similar cases may arise of more serious character, and we think it well, under the circumstances, to give a hint for the future.

Judgment affirmed.