## ROGERS *v.* GEORGIA RAILROAD COMPANY.

1. Relatively to the question of liability upon the part of the·
   railroad company for the killing of live stock by the running·
   of a train, it is not incumbent upon the company to require.
   the fireman employed on the locomotive to be upon the lookout
   for animals upon the track at times when he is necessarily
   engaged in the performance of other duties indispensable to·
   the running of the locomotive; nor to have thereon a third
   employee charged exclusively with the duty of keeping such a.
   lookout.
2. Upon a review of the decision rendered by this court in the·
   case of *Northeastern Railroad Company* v. *Martin*, 78 *Ga.* 603, it.
   is overruled.
3. If, under the facts disclosed by the record, the trial judge upon.
   the hearing of the certiorari had sustained the same and or-
   dered a new trial in the magistrate's court, there would have
   been no abuse of discretion, and the judgment would have been
   right; but, inasmuch as the final determination of the case
   did not necessarily depend upon a controlling question of law
   and there were issues of fact involved which made it necessary
   to send the case back for a new hearing in the tribunal below,
   rendering a final judgment in the defendant's favor was erro-
   neous.   Direction is given that the judgment below be set.
   aside, and that in its stead a judgment of the nature above·
   indicated be entered.

Argued January 25,—Decided March 29, 1897.

Certiorari. Before Judge Callaway. McDuffie superior court. March term, 1896.

*Herk Johnson* and *P. B. Johnson,* for plaintiff.
*Joseph B. & Bryan Cumming,* for defendant.

COBB, Justice.

Where it appears in a suit against a railroad company, for damage on account of the killing of live stock, that the engineer was at the place on the engine where his duty required him, that he was looking ahead when the animal was first seen in the middle of the track in a curve, that because of the curve, the boiler, smoke-stack, and sand-box, obstructing the view, the animal could not have been sooner seen, and that it was impossible to stop the train before striking the animal after it was seen, and the only circumstance from which negligence could be inferred was that the fireman at the time of the killing of the animal was engaged in supplying his engine with fuel, and was not on the lookout, such absence of the fireman from a position to look out, and the failure of the railroad company to place a third employee on the engine to take the fireman's place when he was supplying his engine with fuel, would not warrant a finding in favor of the plaintiff.

2. So far as what may be stated above may be in conflict with the decision rendered by this court in *Northeastern R. R. Co.* v. *Martin,* 78 *Ga.* 603, that case, after a review in accordance with the prescribed rules of this court, is overruled.

3. The jury in the justice's court having found in favor of the plaintiff, and there being some evidence to sustain the finding, but the preponderance of the evidence being against the finding, the judge of the superior court would not have abused his discretion if he had ordered a new trial in the justice's court; but as the record does not make a case where "the error complained of is an error of law which must finally govern the case," and as it is one involving a

question or questions of fact, which under the law made it "necessary to send the case back for a new hearing" before the justice's court, it was error in the judge of the superior court to render a final judgment in the case instead of sending it back for a new trial. Civil Code, §4652. This being true, direction is given that the judgment below be set aside, and in its stead that a judgment be entered sustaining the certiorari and ordering a new trial in the justice's court.

*Judgment reversed, with direction. All the Justices concurring.*

ATKINSON, Justice, concurring specially.

I concur in the judgment, but dissent in so far as the decision overrules the principle of the decision announced in the case mentioned in the second head-note.