ALMAND *v.* GEORGIA RAILROAD & BANKING CO.

1. A superior court has no authority, upon the hearing of a writ of certiorari, to render a final judgment when issues of fact are involved and the case does not necessarily depend upon a controlling question of law. When it is proper so to do, the superior court may remand the case to the court from which it came, with instructions.
2. There was in the present case no abuse of discretion in sustaining the certiorari, but the court erred in rendering a final judgment in favor of the defendant. Direction is given, that the judgment below be set aside, and that the court then deal with the case in the light of the entire record and of the law as here laid down.

Argued June 22, — Decided August 4, 1897.

Certiorari. Before Judge Reese. Hancock superior court. August term, 1896.

Suit was brought against the railroad company, to recover the value of goods consigned over its road to the plaintiff at Sparta, which appear to have arrived there on the afternoon of December 19, 1893, and to have been lost in a fire which destroyed the defendant's freight-depot and the contents thereof

that night about one or half past one o'clock. The plaintiff obtained a verdict which the defendant, on certiorari, alleged to be contrary to law and evidence, for that it was liable only as a warehouseman, under the facts, and despite the exercise by it of ordinary care and diligence the goods were destroyed, and therefore it was not liable. The certiorari was sustained, and the case ordered to be dismissed; and the plaintiff excepted.

The evidence does not show definitely the cause of the fire. The defendant's theory seems to be that it was of incendiary origin. Its agent testified that he carefully extinguished all fire in grates in the depot, before leaving there on the night in question. The testimony for the plaintiff suggests that the fire may have been started by sparks from an engine of defendant drawing its freight-train which was scheduled to pass Sparta between eleven and twelve o'clock at night, but which was somewhat late on the night in question, setting fire to cotton loaded upon cars standing by the depot and thence to the roof of the building which was covered with shingles. The weather was dry, and the wind was blowing vigorously. According to the testimony of the engineer of the freight-train, the engine could not have been throwing out sparks when it passed the depot. Plaintiff's testimony further showed that when the fire was discovered it was coming from under the eaves at the top of the building, and not from under the doors or windows. The goods seem to have arrived on a train which reached Sparta about three o'clock in the afternoon. According to plaintiff's testimony, the goods ought to have arrived some time before that day. He sent twice on that day by his drayman to the depot for the goods, once in the morning and again in the afternoon, and both times the drayman returned with the answer that there was nothing for plaintiff. According to the testimony as recited in the petition for certiorari, this second application was not made after the arrival of the three o'clock train.

R. H. Lewis, B. W. Moore, T. L. Reese, J. A. Harley and T. M. Hunt, for plaintiff.

Joseph B. & Bryan Cumming and M. P. Reese, contra.

LUMPKIN, P. J.   The superior court can not properly render a final judgment in a certiorari case, unless "the error complained of is an error in law which must finally govern the case, and the court shall be satisfied there is no question of fact involved which makes it necessary to send the case back for a new hearing before the tribunal below." Civil Code, § 4652. And see *Rogers* v. *Georgia Railroad Co.*, 100 *Ga.* 699, and *Pinkston* v. *White*, 102 *Ga.* (post). Applying the law laid down in this section of the code and the cases above cited to the facts of the present case, the presiding judge erred in rendering a final judgment in favor of the defendant.   The case, as it stood. before him, was one depending mainly, if not entirely, upon the sufficiency of the evidence to warrant the verdict rendered in the justice's court; but it could not, of course, be known with certainty that at another trial in that court the evidence would be the same.   If in a given case the juries in the magistrate's court continue to render verdicts which, in the opinion of the judge of the superior court, are contrary to law and the evidence, he may, in remanding the case for another trial, give appropriate instructions for observance when yet another hearing takes place.   For instance, he may direct, if in his judgment it is right and proper so to do, that if at the next trial the evidence is the same, or substantially the same, as at the last preceding trial, the verdict should be so and so.

Without declaring what the trial judge should do when the present certiorari is again heard, we simply set aside the judgment now under review, with direction that the court deal with the case in the light of the entire record and of the law as here announced.   Our purpose in so doing is to leave the trial judge free to sustain the certiorari, if he sees proper; and, if he does so, to also leave him free to determine whether, in remanding the case to the magistrate's court, he will or will not return the same with instructions.

*Judgment reversed, with direction.    All the Justices concurring, except Fish, J., disqualified.*