. JOHNSON & COMPANY *v.* COLEMAN & BURCH.

A superior court can not lawfully render a final judgment upon a certiorari when it appears that at the trial thereby brought under review there were disputed issues of fact and the case was not one the determination of which necessarily depended upon a controlling question of law.

Submitted November 18, — Decided December 15, 1898.

Certiorari. Before Judge Smith. Dodge superior court. May 21, 1898.

*Herrman & Milner*, for plaintiffs in error.
*D. M. Roberts, B. R. Calhoun* and *J. E. Wooten*, contra.

LUMPKIN, P. J.· A distress warrant was sued out by Johnson & Company against Coleman & Burch, who filed a counter-affidavit. The case was tried on appeal before a jury in a justice's court, and resulted in a verdict in favor of the plaintiffs. There were disputed issues of fact, and the determination of the case did not depend upon a controlling legal question. The defendants took the case by certiorari to the superior court, which rendered a final judgment in their favor. The petition for certiorari complains of certain rulings made by the magistrate, which are, apparently, of minor importance. It also alleges that the verdict was contrary to law and the evidence. The record before us does not disclose whether the judgment sustaining the certiorari was predicated upon the idea that the magistrate committed error, or upon the ground that the verdict was unwarranted by the evidence. Whatever may be the truth in this regard, it was not a case for a final judgment. Civil Code, § 4652; *Rogers* v. *Georgia Railroad Co.*, 100 *Ga.* 699; *Pinkston* v. *White*, 102 *Ga.* 561; *Almand* v. *Georgia Railroad etc. Co.*, 102 *Ga.* 151. Upon the strength of these authorities, the judgment below must be reversed. If, when the certiorari comes up for another hearing, the judge enter-

tains the opinion that the verdict was contrary to the evidence, he may, in the exercise of the discretion vested in him, again sustain the certiorari; but in that event, he should remand the case to the magistrate's court for a new trial.

*Judgment reversed.. All the Justices concurring.*