GEORGIA RAILROAD & BANKING CO. *v.* PARTEE.

1. On the trial of an action for damages, brought against a railroad company for the killing of a horse by one of its trains, where there is no evidence authorizing the conclusion that such killing occurred at a public crossing, or that the failure of the company's servants in charge of the train to observe the statutory requirements as to approaching such a crossing had anything to do with the injury complained of, it was error to give in charge to the jury the law prescribing the duties of railroad companies in approaching public crossings with their trains.
2. Under the facts of this case, such error may have injured the defendant's case before the jury, and the judgment overruling the motion for a new trial is accordingly reversed.

Argued May 9, — Decided June 3, 1899.

Action for damages.   Before Judge Hart.   Morgan superior court.   December 17, 1898.

*Joseph B. & Bryan Cumming* and *Foster & Butler,* for plaintiff in error.   *George & George,* contra.

LEWIS, J. The plaintiff below brought suit against the Georgia Railroad & Banking Company, for damages resulting from the killing of a horse belonging to the plaintiff by the running of defendant's train. It appears from the testimony that the horse was found dead near a certain crossing, but there is no evidence in the record from which a jury would be authorized

to infer that this was a public crossing.     There was testimony to the effect that there was a public crossing which the train had passed over before it struck the horse, but this crossing was some distance from where the accident occurred, the evidence showing that the distance was from four hundred yards to half a mile.     There was also some evidence tending to show that the horse killed got on the track at this public crossing and went from there down the railroad-track to where he was killed; but there was no testimony to the effect that, even if such was the case, the horse got upon the track at the crossing at a time when it was possible for the engineer of the approaching train to have seen him.     It appears from the testimony that the track was rock-ballasted all the way from this crossing to the place of the accident, and that it was exceedingly difficult, if not impossible, to track an animal between the two points.     The testimony for the defendant tended to show that its employees engaged in the running of the train at the time were in the exercise of all ordinary care and diligence when the injury occurred. It was alleged in the motion for a new trial that the court erred in charging the jury as follows: "But the law requires that at all public crossings, four hundred yards on either side, a blow-post shall be erected, and it is made incumbent on the railroad company, on approaching such crossing, to blow and to continue to blow, and to check and to continue to check their trains, so that if anything is on the crossing they can prevent any injury or damage thereto."     This charge was objected to on the ground that there was nothing in the evidence authorizing such a charge, and the same had a tendency to confuse and mislead the jury.

1. We think the objection above mentioned was well taken, under the facts of this case.     We fail to find anything in the testimony that would in the least authorize the inference that this injury occurred from a failure of the company to observe the law given in the charge of the court complained of.     There being some testimony in reference to a crossing where the animal was killed, the jury might well have inferred that the principle of law given them in charge had direct reference to this crossing.     The only testimony to show that it was a public

crossing was that of a few witnesses, to the effect that the public had used it for several years; but while this is true, it was clearly inferable from other evidence on the same subject that it was really a private crossing. There was not only no testimony that it had ever been established by any order of the ordinary as a public road and so entered upon the records, but the proof showed that it was never worked or treated as a public highway by the county authorities having such matters in charge. The testimony failed to show it was such a road or crossing as contemplated by § 2222 of the Civil Code. *Ga. R. R. Co.* v. *Cox*, 61 *Ga.* 450. We think this charge of the court was really harmful to the defendant company, for after a careful review of the testimony it impresses us that there was not sufficient evidence to sustain the verdict for the plaintiff below, except upon the theory that the killing occurred at a public crossing, in consequence of a violation of a public duty by the defendant while approaching such crossing with its train. Counsel for defendant in error contends in his brief that the blow-post law charged by the court was applicable to the case, because the evidence tended to show that the horse really got upon the track at the public crossing and was run down by the engine, being overtaken at a distance of about four hundred yards from the crossing. Even conceding that the proof was sufficient to authorize the inference that the horse entered upon the track at this public crossing, this was not at all inconsistent with the positive and uncontradicted testimony of the engineer that the animal was not at the crossing when he approached in sight of the same; and hence it follows that the testimony does not even tend to show that this injury resulted from a violation of the law with reference to approaching public crossings. There was some evidence that another horse was killed at about this same place a day or two before this accident occurred, and it was contended by counsel that the engineer's testimony had reference to that killing, and not to the one under investigation on this trial; but we think there is ample evidence in the record to authorize the conclusion by the jury that the engineer's testimony had reference to this particular transaction. It appears from the testimony that

the animal involved in this suit was thrown on the right-hand side of the track, and that the other one was thrown on the left-hand side.   The engineer testified that the horse he killed was thrown on the right-hand side.   One of plaintiff's witnesses testified that soon after the plaintiff's horse was killed he saw the engineer on his engine at the next station, and heard him remark that he had just killed a horse or colt.   That was the time plaintiff's horse was killed.   The engineer testified that he was the person referred to by plaintiff's witness, and remembered distinctly seeing him at the station on the occasion mentioned.   We do not mean to say that there was no conflict in the testimony on this point, but the evidence certainly did not demand a finding against the defendant company, and a new trial is granted on the error of law above set forth.

*Judgment reversed.   All the Justices concurring.*