## WILLIAMS *v.* BRADFIELD.

While the action of the trial judge in sustaining the certiorari was in entire accord with the law, he nevertheless committed error in rendering a final judgment in the case, for the reason that such final determination depended upon an issue of fact, to wit : was the defendant a laborer in the sense of the statute which declares the wages of laborers to be exempt from the process of garnishment ? It is only in cases in which the error complained of is an error of law which must finally govern the case, that the trial judge has authority to render a final judgment in a case brought to the superior court by writ of certiorari.

Submitted November 18, — Decided December 11, 1902.

Certiorari. Before Judge Harris. Troup superior court. May 5, 1902.

*E. T. Moon,* for plaintiff in error. *E. R. Bradfield Jr.,* contra.

LITTLE, J. Bradfield, who was a judgment creditor of Williams, caused summons of garnishment to issue, directed to Seay Brothers, in whose employment Williams was. The answer of the garnishees was to the effect that they were indebted to the defendant in the sum of $19.50. Williams filed a claim to this sum, contending that the amount due him was exempt from process of garnishment. The evidence showed that the firm of Seay Brothers had employed Williams at a salary of $40 per month as a collector; that he was required to visit the debtors of the firm and collect their claims, if possible; otherwise, to secure the firm in the payment of such debts in the best way he could. Williams was

45

subject to the orders of the firm, was obligated to obey their directions, and to report to them when possible; in some cases, however, he had the power to use his own discretion in making such settlements as he thought best.  In addition to these duties, he sometimes carried advertising matter, such as circulars, to different places; and it was his business to harness the horse which he used, and to drive the buggy in which he traveled. Under this evidence the jury who tried the case in the justice's court returned a verdict for the defendant; and Bradfield, the plaintiff in fi. fa., presented a petition for certiorari, which was granted; and on the hearing the judge of the superior court sustained the certiorari and passed on it finally, deciding that the funds sought to be garnished were subject, and gave a final judgment for the plaintiffs for the amount of $12.  To these rulings Williams excepted, and assigns as errors: first, that under the evidence the funds sought to be garnished were exempt; second, that even if subject to the process of garnishment, the judge erred in passing a final judgment, and in not sending the case back for trial in the justice's court.  We are of opinion that the evidence introduced on the trial in the justice's court clearly showed that the wages of Williams were not exempt from process of garnishment, and that in sustaining the certiorari the judge of the superior court committed no error; but we are equally clear that in making a final judgment in the case the judge did err.  The Civil Code, § 4652, provides that on the hearing of a writ of certiorari the superior court may order the same to be dismissed, or return the case to the court from which it came, with instructions; and that in all cases when the error complained of is an error in law which must finally govern the case, and the court shall be satisfied there is no question of fact involved which makes it necessary to send the case back for a new hearing, it shall be the duty of the judge to make a final decision in the case.  It would thus appear that under the statute the judge of the superior court is without jurisdiction to render a final judgment on a certiorari, unless the error complained of is one of law which must finally govern the case.

The allegation of error in the present case was that the evidence on the trial showed that the defendant was not such a laborer as is contemplated by the statute, but that the evidence showed that he was employed for his business capacity and skill as a collector.

Therefore, whether the wages of the employee were or were not exempt from the process of garnishment depended entirely upon a question of fact relating to his duties. It is true, as we have before said, that, under the evidence at the trial, the wages were not exempt. This was so because the evidence did not show that he was a laborer in the sense of the statute. But we have no means of ascertaining what the evidence will be on another trial, where the issue must be the same question of fact. In the case of *Holmes* v. *Pye*, 107 *Ga.* 784, this court ruled that " When the only error alleged in a petition for certiorari is that the verdict therein complained of is contrary to law and to the evidence, and it appears that the evidence demanded a verdict for the plaintiff in certiorari, the superior court should, of course, sustain the certiorari; but it is erroneous in such a case, though there be no conflict in the evidence, to render a final judgment in his favor. This is so for the reason that in such a case the error complained of is not ' an error in law which must finally govern the case,' and further, because it could not be known with certainty that the evidence on another trial would be the same." The conclusion reached in the opinion in that case is stated thus : " If the case be one which the law, when properly construed, determines in favor of either party, the judge shall make a final disposition of the case ; if the case be one dependent upon evidence, the lower court must finally decide the question of fact involved, observing such instructions in relation to its judgment as may be given by the superior court." See also *Ala. R. Co.* v. *Austin,* 112 *Ga.* 61. We do not understand the rulings in either *Holliday* v. *Poole*, 77 *Ga.* 159, or *Toole* v. *Edmondson*, 104 *Ga.* 776, to be in conflict with what is said above. However, the opinion in the *Holliday* case was rendered by but two Justices, and, even if the ruling here made conflicts with the ruling there, that case could not be taken as a controlling authority for a contrary proposition. We must therefore rule that while the trial judge was entirely right in sustaining the certiorari, he should have remanded the case to the justice's court for another trial. In doing so he could have sent it with such instructions as, in his discretion, the ends of justice required.

*Judgment reversed, with direction. All the Justices concurring, except Lumpkin, P. J., absent.*