## BASS DRY GOODS COMPANY *v.* ELECTRIC STORAGE BATTERY COMPANY.

Where a certiorari was sustained because all the evidence submitted by the defendant in certiorari on the trial of the case before the magistrate was inadmissible, it was not error for the judge of the superior court to refuse to render a final judgment, and to remand the case for a new trial.

Argued June 22,— Decided August 2, 1905.

Certiorari. Before Judge Lumpkin. Fulton superior court. September 7, 1904.

*Dodd, Newman & Dodd,* for plaintiff in error.
*Mayson, Hill & McGill,* contra.

FISH, P. J. The Electric Storage Battery Company sued the Bass Dry Goods Company, in a justice's court, upon a contract and open account, and obtained judgment. The defendant carried the case to the superior court by certiorari, alleging that the judgment was contrary to law, because the magistrate had admitted in evidence certain interrogatories which had not been properly executed and other inadmissible documentary evidence (which con-

stituted all the evidence submitted by the plaintiff), and asked that the court render a final judgment in its favor. The judge sustained the certiorari on the ground that the plaintiff's evidence was inadmissible, but remanded the case for a new trial; and the defendant excepted.

In the case of *Seaboard Air-Line Railway* v. *Blue*, 120 *Ga.* 228, it was held: "When the only error alleged in a petition for certiorari is that the verdict therein complained of is contrary to law and to the evidence, and it appears that the evidence demanded a verdict for the plaintiff in certiorari, the superior court should, of course, sustain the certiorari; but it would be erroneous in such a case, *though there be no conflict in the evidence*, to render a final judgment in his favor. This is so for the reason that in such a case the error complained of is not 'an error in law which must finally govern the case,' and further, because it could not be known with certainty that the evidence on another trial would be the same;" citing *Holmes* v. *Pye*, 107 *Ga.* 784; *Ala. Great Southern R. Co.* v. *Austin*, 112 *Ga.* 61; *Williams* v. *Bradford*, 116 *Ga.* 705. As the present record does not make a case "where the error complained of is an error of law which must finally govern the case," but only the erroneous admission of certain evidence which made out the plaintiff's case, the trial judge did not err in remanding the case to the justice for a new trial. Granting that had the magistrate refused to admit the evidence of the plaintiff, which the superior court held inadmissible, a verdict would have been demanded for the defendant in the absence of further evidence by the plaintiff, still the judge did not err in declining to render a final judgment, for he could not have known that in the event of such ruling by the justice the plaintiff would not have been able to have sustained its case with other and admissible evidence; and further, "because it could not be known with certainty that the evidence on another trial would be the same."

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent, and Lumpkin, J., disqualified.*