## 383.　SIMONS & COMPANY v. BURT.

1. The judge of the superior court is without jurisdiction to render a final judgment on a certiorari, where there is no question of law which must finally govern the case, but only issues of fact are involved.

2. Where the judge of the superior court is of the opinion that the verdict against plaintiff in certiorari is without evidence to support it, the proper judgment is to sustain the certiorari and remand the case for a new trial.

Certiorari, from Muscogee superior court—Samuel B. Hatcher, judge pro hac vice. February 23, 1907.

Submitted June 20,—Decided September 19, 1907.

*J. E. Chapman* for plaintiff.

*T. T. Miller, Ed. Wohlwender,* for claimant. .

HILL, C. J. Simons & Company, plaintiffs in error, instituted suit by attachment against McGhee, which was levied by serving summons of garnishment on Pou & Company. The answer of the garnishees admitted an indebtedness of $127.70. Burt dissolved said garnishment, claimed the fund, and traversed the answer of the garnishee, and issue was joined thereon by plaintiffs in attachment. On the trial of the claim case in the justice court, to which the attachment was made returnable, a verdict was rendered finding the fund subject to the attachment. The claimant carried the case to the superior court by certiorari. On the hearing the certiorari was sustained by the judge pro hac vice, and a final judgment entered in behalf of the claimant. Exceptions were taken to this judgment, because contrary to law and without evidence to support it and for the reason that such final judgment depended upon an issue of fact, there being no question of law which must finally govern the case.

The claimant, by his evidence, showed that before the attachment was levied by service of the summons of garnishment, he had bought from the defendant in attachment 110 cords of wood which had been shipped by his (claimant's) direction to the garnishee, to whom claimant had sold said wood. It was contended by the plaintiffs in attachment, that the sale of the wood was not complete; that there had been no separation and delivery of the 110 cords of wood by the defendant in attachment to the claimant, but that said 110 cords was a part of 175 or 200 cords which were shipped by the defendant in attachment to the garnishee. There was much conflict in the evidence as to whether the sale of the 110 cords was a

completed sale, or only an executory contract. There was also con-
flict in the evidence as to the amount of wood shipped to the gar-
nishees. If the judge of the superior court was of the opinion
that the evidence preponderated in favor of the claimant or plain-
tiff in certiorari, he had the right, in the exercise of his discretion,
to sustain the certiorari and remand the case for another trial; but
he erred in rendering a final judgment. This would be so even
where there was no conflict in the evidence, if there was no controll-
ing question of law, "because it could not be known with certainty
that the evidence on another trial would be the same." *Williams*
.v. *Bradfield,* 116 *Ga.* 705, 43 S. E. 57; *Bass Dry Goods Co.* v. *Elec-
tric Co.,* 123 *Ga.* 640, 51 S. E. 579. We think, therefore, that the
court erred in rendering a final judgment for the claimant; and we
reverse this judgment and direct that the case be remanded to the
justice court for a new trial.　　　　　*Judgment reversed.*