### 1123.   PORTERFIELD *v.* THOMPSON.

It is well settled by the statute of this State, and by repeated rulings of this court and of the Supreme Court, that the superior court is without jurisdiction to render a final judgment on a certiorari, unless no issue of fact is involved, and the error assigned is a question of law which must finally govern the case.

Certiorari, from Madison superior court—Judge Worley. March 4, 1908.

Argued June 11,—Decided July 25, 1908.

*J. E. Gordon,* for plaintiff in error.   *J. F. L. Bond,* contra.

HILL, C. J.   Thompson sued Porterfield in the city court of Madison county for $40, the alleged value of forty bushels of "Culpepper improved big-boll cottonseed," which Thompson alleged Porterfield had taken from the gin-house where they were stored, and converted to his own use. The evidence shows that Porterfield did take certain cottonseed from the gin-house, which Thompson claimed were his "Culpepper improved big-boll cottonseed," worth in the market $1 per bushel. Porterfield admitted getting cottonseed from the gin-house, and from the place therein where Thompson's seed were stored, but he denied that they were of the character of cottonseed described by Thompson, or that they were of the value of $1 per bushel, but insisted, that they were an inferior and mixed cottonseed, not fit for planting purposes, and that he had sold them to an oil mill for only $1 per hundred pounds; and he testified that he tendered to Thompson $12.66, the market price of the seed which he had gotten from the gin-house and the sum for which he had sold them to the oil mill. There was a conflict in the evidence as to the character and value of the seed in controversy, Thompson contending that they were fine Culpepper improved big-boll cottonseed, of the market value of $1 per bushel, and Porterfield contending that they were impure, mixed seed, not fit for planting purposes, and of the value of $1 per hundred pounds.

The jury decided this issue in favor of Porterfield, and found a verdict in favor of Porterfield's tender to Thompson of $12.66. Thompson thereupon filed his petition for a writ of certiorari, in which he alleged that the verdict against him was contrary to the evidence and without evidence to support it, and against the

weight of the evidence; that it was contrary to law and to the charge of the court, and that, under the evidence, only two legal verdicts could have been found,—one for him for the full amount of $40, as the value of the forty bushels of cottonseed, or one for the defendant; and that there was no evidence to authorize the jury to find in favor of the plea of tender. The judge of the superior court sustained the certiorari, and rendered a final judgment in the case, in favor of Thompson, for $40, stating, as a reason for this judgment, that the evidence in the case was undisputed both as to ownership and the value of the cottonseed, and the question was, therefore, one of law. To this judgment the defendant in certiorari sued out a writ of error to this court.

The Civil Code, §4652, authorizes the judge of the superior court to render a final judgment in a certiorari case only where the error complained of is "an error in law which must finally govern the case," and there is no question of fact involved. It is well settled, by repeated rulings of the Supreme Court, that the superior court can not legally render a final judgment upon a certiorari when it appears that at the trial thereby brought under review there were disputed issues of fact, and the case was not one the determination of which necessarily depended upon a controlling question of law. It matters not that the judge of the superior court may think that the verdict rendered in the lower court is against the large preponderance of the evidence, or entirely without evidence to support it, yet, if the question is one of fact and not one of law, the only proper judgment is to remand the case to the lower court for a new trial. *Rogers* v. *Georgia R. Co.,* 100 *Ga.* 699 (28 S. E. 457, 62 Am. St. R. 351); *Pinkston* v. *White,* 102 *Ga.* 561 (27 S. E. 665); *Johnson* v. *Coleman,* 106 *Ga.* 205 (32 S. E. 122); *Patterson* v. *Central Ry. Co.,* 117 *Ga.* 827 (45 S. E. 250).

Even where there is no conflict in the evidence, unless there is a question of law which must finally control the case, the reviewing court must remand the case for a new trial, for it can not determine that the evidence on the second trial will be the same as that on the first. *Williams* v. *Bradfield,* 116 *Ga.* 705 (43 S. E. 57).

In this case no controlling question of law is presented. The issues are as to the character and value of the cottonseed in con-

troversy,—purely questions of fact,—and the reviewing court had no authority to determine these issues of fact in favor of one party, and render a final judgment in favor of the contentions of that party. We think the court was right in sustaining the certiorari, but erred in rendering a final judgment for the plaintiff in certiorari; and we reverse this judgment and direct that the case be remanded to the city court for a new trial. *Simons* v. *Burl*, 2 *Ga. App.* 472 (58 S. E. 689); *Joseph* v. *Continental Jersey Works*, 92 *Ga.* 542 (17 S. E. 923).        *Judgment reversed.*