7462. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* GARMON.

BLOODWORTH, J. 1. There is evidence to support the verdict.

2. The alleged newly discovered evidence of a civil engineer, who states that, about the year 1907, he made a survey of the land in question, and that he "at the instance of defendant in the above case has since said trial made another survey of said tract of land," is cumulative. Ordinary diligence would require that this last survey should have been made before the trial. Civil Code, § 6086. "A judgment of the trial court refusing a motion for new trial on the ground of newly discovered evidence will not be disturbed when the motion fails to show, 'by affidavit of the movant and each of his counsel, that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence.'" *Pharr* v. *Davis*, 133 Ga. 759 (66 S. E. 917).

> Judgment affirmed. *Broyles, P. J., and Jenkins, J., concur.*
> DECIDED FEBRUARY 1, 1917.

Action for damages; from city court of Polk county—Judge John K. Davis. April 8, 1916.

*J. Branham, Maddox & Doyal, Fielder & Fielder,* for plaintiff in error. *W. W. Mundy,* contra.

---

7566. BAILEY *v.* WARE & HARPER.

BLOODWORTH, J. When this case was here before (17 *Ga. App.* 492, 87 S. E. 712), the court decided that the judge "erred in allowing exceptions to the answer to be filed after the hearing was begun, and in sustaining them;" and also erred in allowing "an additional answer of the trial judge to become a part of the record in the case." For these special reasons the judgment of the court below was reversed, without considering the other assignments of error in the petition for certiorari, except to decide that the trial court properly overruled the demurrer to the original petition. *Held:* (1) The effect of the said decision was to send the case back to the superior court to be heard on the original petition and the answer, except that the said court would not consider assignments of error as to the overruling of the demurrer. (2) The certiorari was properly overruled, thus precluding the possibility of another trial under this proceeding. The plaintiff in error had given a certiorari bond upon which judgment was to be entered as in cases of appeal, and the judge did not err in making a final disposition of the case. Civil Code, §§ 5205, 5937.

> Judgment affirmed. *Broyles, P. J., and Jenkins, J., concur.*
> DECIDED FEBRUARY 1, 1917.

Certiorari; from Fulton superior court—Judge Bell. April 1, 1916.

*Nalley & Scott, Albert Kemper,* for plaintiff in error.
*Moore & Pomeroy,* contra.