### 7717.  PITTMAN v. ALEXANDER.

JENKINS, J. 1. The only issue involved in this case being as to whether the defendant in the municipal court of Atlanta was entitled to a set-off in the suit against him, and the evidence upon this issue being conflicting, but ample to justify the judgment of the trial court disallowing the set-off, the judge of the superior court did not err in overruling and dismissing the certiorari.

2. Under section 4201 of the Civil Code (1910), when the superior court sustains a certiorari it has no authority to render also a final judgment, if issues of fact are involved and the case does not necessarily depend upon a controlling question of law. *Almand* v. *Ga. R. Co.*, 102 *Ga.* 151 (29 S. E. 159); *Ga. R. Co.* v. *Partee*, 107 *Ga.* 789 (33 S. E. 668); *Williams* v. *Bradfield*, 116 *Ga.* 705 (43 S. E. 57); *Patterson* v. *Central Ry. Co.*, 117 *Ga.* 827 (45 S. E. 250); *Atlantic Coast Line R. Co.* v. *Shuman*, 121 *Ga.* 113 (48 S. E. 680); *Bass Dry Goods Co.* v. *Electric Battery Co.*, 123 *Ga.* 640 (51 S. E. 579); *Langley Mfg. Co.* v. *Frey*, 10 *Ga. App.* 753 (4) (73 S. E. 1074). But when the finding of the trial court should be and is sustained and the certiorari overruled, there is no error in rendering final judgment in the case. *Ford* v. *Price*, 116 *Ga.* 793 (2) (43 S. E. 69); *Ga. So. & Fla. Ry. Co.* v. *Giddens*, 117 *Ga.* 799 (45 S. E. 67). Indeed, where a certiorari bond has been given, this would seem the better and more proper procedure. See *Bailey* v. *Ware*, 19 *Ga. App.* 255 (91 S. E. 275).

> *Judgment affirmed.  Broyles, P. J., and Bloodworth, J., concur.*
> DECIDED MARCH 15, 1917.

Certiorari; from Fulton superior court—Judge Pendleton. June 22, 1916.

*W. A. James,* for plaintiff in error.  *Moore & Pomeroy,* contra.