### STRICKLAND *v.* STRICKLAND.

ATKINSON, J.  While living in a state of separation a husband instituted habeas corpus proceedings against his wife, for custody of their girl child eleven years of age.  The petition alleged that the child "now and for some time past . . has been in the custody, control, and care of her mother," but that the respondent "is not a fit and proper person to raise" the child; that respondent has no property, and is unable financially to take care, provide for, and educate the child, but that said custody is illegal, because petitioner, being the father and a fit and proper person and not having by contract or otherwise released control of the child, is entitled to custody of her.  The petition also alleged that the respondent was morally unfit to rear the child, and financially unable to support and educate her.  In her answer the respondent admitted living separate and apart from petitioner and having custody of the child, and as reasons therefor set up cruel treatment upon the part of the petitioner.  She denied that she was morally unfit or financially unable to support the child, and charged that the petitioner was unfit to have the custody.  After hearing evidence the judge held that both parents were unfit to have custody and control of the child, and ordered her to be placed in an eleemosynary institution.  On petition for certiorari the judge of the superior court sustained the ruling of the lower court in so far as it related to the petitioner, but reversed it in so far as related to the respondent, on the ground that relatively to her it was unsupported by evidence and showed an abuse of discretion; and thereupon directed that the child be restored to custody of the mother.  The exception is to that judgment.  *Held:*

1. The judge did not err in holding that the lower court erred and abused his discretion in taking the child from custody of the respondent.

2. In so far as the judgment directed that the child be restored to the custody of the respondent, it was a final disposition of the case based on the evidence.  Being of that character, the judge erred in giving

Certiorari, 11 C. J. p. 211, n. 60; p. 212, n. 65, 71.

Parent and Child, 29 Cyc. p. 1589, n. 51; p. 1590, n. 53, 54; p. 1604, n. 60; p. 1605, n. 73.

such direction. Civil Code (1910), § 5201; *Smith* v. *Bragg*, 68 *Ga.* 650; *Atlantic Coast Line Railroad Co.* v. *Shuman*, 121 *Ga.* 113 (48 S. E. 680); *Bass Dry Goods Co.* v. *Electric Storage Battery Co.*, 123 *Ga.* 640 (51 S. E. 579). The proper practice was to remand the case to the lower court (*Holmes* v. *Pye*, 107 *Ga.* 784, 33 S. E. 816), with direction that if on the further hearing the evidence be substantially the same, custody of the child shall be restored to the mother. *Moore* v. *Southern Express Co.*, 9 *Ga. App.* 487 (71 S. E. 762). The judgment rendered upon certiorari is affirmed, with direction that it be so modified as to remand the case to the lower court for further action, with direction as above indicated.

*Judgment affirmed, with direction. All the Justices concur.*

No. 5735. September 14, 1927.

Certiorari. Before Judge Custer. Mitchell superior court. October 15, 1926.

*Charles Watt Jr.*, for plaintiff.