## 18322. BUTLER v. PICKENS.

1. The motion to dismiss the bill of exceptions is denied.
2. Under the facts of this case the plaintiff's counsel could not, by marking the case settled on the justice-court docket, deprive the defendant of his right of appeal and preclude defendant's recovery on a counter-claim previously filed.
3. Whether or not the defendant received credit for the market price of his cotton was a vital question of fact on which there was conflicting evidence; and there being questions of fact involved, the judge of the superior court erred in rendering final judgment in favor of the plaintiff in certiorari.

DECIDED JANUARY 10, 1928.

Certiorari; from DeKalb superior court—Judge Hutcheson. May 28, 1927.

*Paul L. Lindsay,* for plaintiff in error. *T. L. Lanford, Morris Macks,* contra.

LUKE, J. Pickens sued Butler in a justice's court of DeKalb county on a note, for a balance due of $31.71, and garnished Ford Motor Company. The defendant filed a plea setting up a counter-claim of $30, alleging that he had overpaid the plaintiff this amount. Upon conflicting evidence the justice, on August 16,

---

Certiorari, 11 C. J. p. 212, n. 65.

1924, rendered judgment in favor of the plaintiff, for $31.71. Counsel for the defendant paid the costs and appealed to a jury in the justice's court. Before the appeal came on to be heard, Ford Motor Company, garnishee, paid the plaintiff's claim in full. The case went to trial before a jury in the justice's court, and the jury rendered a judgment for the defendant, for seventy-nine cents. Pickens, by certiorari, carried the case to the superior court. In answer to the writ of certiorari the trial magistrate said in part: "Plaintiff brought suit against defendant in July, 1924, on a note for $31.71, and garnished Ford Motor Company. Defendant filed a plea and claimed he had overpaid plaintiff and plaintiff owed defendant $30.00. (Here certain conflicting evidence is set out.) . . I gave judgment in favor of plaintiff and against defendant for $31.71. This was August 16, 1924. Col. Lindsey (attorney for Butler, the defendant) said, 'We appeal to a jury,' and the defendant came in time and paid the cost and filed his appeal to a jury. On the 20th of September Col. Lanford (attorney for plaintiff) wrote on the docket, 'Settled in full, paid by Ford Motor Co., T. L. Lanford, Atty. for plaintiff.' This was done before court opened and in the absence of defendant. When. court opened and the case was called, defendant would not agree to that judgment. After hearing argument on demurrer and counterclaim I overruled them that it was too late. Then both sides agreed on a judgment, and this was written on the docket. The within cause coming on to be heard before me, and the plaintiff asking that said suit be dismissed for want of prosecution, the same is hereby dismissed for want of prosecution, this 20th day of September, 1924. Henry J. Matthews, N. P. ex. of. J. P. Then Col. Lanford denied that he agreed to this judgment. Then we went to trial before a jury." The answer of the magistrate further showed that on the trial before a jury Butler admitted executing the note, but testified that under an agreement by Pickens to give him one cent per pound more than the market value of cotton, he had turned over to Pickens a 520-pound bale of cotton to be applied on the note which he had given Pickens, and that because of his little boy being burned to death about that time, he overlooked asking Pickens for the note. The evidence showed that the cotton graded a "9." There was some evidence that grade 9 cotton at that time was worth fifteen cents a pound,

and some evidence that it was worth nine cents a pound.  The evidence shows that the plaintiff gave the defendant credit on said note for ten cents a pound.  This question of the market price of the cotton determines the correctness or incorrectness of the jury's verdict from which the case was carried by certiorari to the superior court.  The answer of the magistrate further showed that "Col. Lanford wanted to bring in Mr. Butler's bankrupt proceedings.  I ruled it out."  The judge of the superior court rendered the following judgment: "The within cause coming on for a hearing, after consideration of the same, it is considered, ordered, and adjudged by the court that the petition for certiorari be and the same is hereby sustained, the verdict and judgment of the inferior court is hereby reversed and set aside, and final judgment is hereby rendered in favor of the plaintiff in certiorari, R. P. Pickens, against the defendant in certiorari J. H. N. Butler. It is further ordered and adjudged by the court that the plaintiff in certiorari, R. P. Pickens, do have and recover of the defendant in certiorari, J. H. N. Butler, judgment for $8.65, accrued costs in the court below paid to obtain the certiorari, together with $........ costs of the superior court in this case."  To this judgment Butler excepted.

The answer of the trial magistrate is apparently incomplete, especially as to what he ruled out in regard to Mr. Butler's bankruptcy proceedings, but neither party excepted to the answer.  It is also inconsistent and contradictory, but no part of it was traversed.  Since the answer of the trial magistrate, unexcepted to and untraversed, is controlling as to what occurred on the trial, the record in this case is somewhat confusing.  The answer of the magistrate states unqualifiedly that "both sides agreed on a judgment" before the trial by a jury in the justice's court.  It shows also that such agreement was denied and objected to.  But it conclusively shows that after such alleged agreement a trial by jury was had and both parties litigant participated therein.  However, the record is sufficiently clear to evoke the following rulings, which are controlling:

1.  Under the facts of this case the plaintiff's counsel could not, by marking the case settled on the justice's court docket, deprive the defendant of his right of appeal and preclude the defendant's recovery on a counterclaim previously filed.  Civil Code (1910),

§ 4338; *Calhoun* v. *Citizens Banking Co.*, 113 *Ga.* 621 (38 S. E. 977); *Forbes Piano Co.* v. *Hixon*, 8 *Ga. App.* 51 (68 S. E. 487).

2. The question whether the defendant received credit for the market price of his cotton was a vital issue of fact, on which there was conflicting evidence; and there being questions of fact involved, the judge of the superior court erred in rendering final judgment in favor of the plaintiff in certiorari. *Mitchell* v. *Western & Atlantic R. Co.*, 66 *Ga.* 242; *Smith* v. *Bragg*, 68 *Ga.* 650 (3), 652; *Boroughs* v. *White*, 69 *Ga.* 841, 844, and cit., *Patterson* v. *Central of Ga. Ry. Co.*, 117 *Ga.* 827 (45 S. E. 250); *Porterfield* v. *Thompson*, 4 *Ga. App.* 524 (61 S. E. 1055).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*