CRINE *et al.* *v.* MORTON SALT COMPANY.

No. 9963.   APRIL 12, 1934.

*S. P. Cain,* for plaintiffs in error.

*John R. Wilson* and *W. H. Miller,* contra.

BECK, P. J.   The certified question should be answered in the affirmative; that is, the provisions of the act of 1899 quoted in the

question should be construed as applying to justices' and ordinaries' courts only. Section 4653 of the Civil Code of 1895 is as follows: "In all cases now pending, or which may be hereafter pending, in the superior courts of this State, upon certiorari from any justice's court, and the justice or justices before whom the case was tried may have died before answering the writ of certiorari served, then it shall be the duty of the presiding judge forthwith to order a new trial to be had upon the case in the court below." But in 1899 the act referred to in the question was passed; and in the caption to that act it is indicated that it was the intention of the legislature to amend by adding, after the words "justice's court," in the third line, the words "or ordinary's court," or any other court where by law the writ of certiorari is permissible, and in certain other respects. And in section 1, in the statement of the amendments to be made to Code section 4653, it is declared that section 4653 be amended by adding, after the words "justice's court" in the third line, the words "or ordinary's court, or any other court where by law the writ of certiorari is permissible." But after stating in what respects section 4653 is to be amended, in express terms it is declared that the section when amended shall read as follows: "In all cases now pending, or which may be hereafter pending in the superior courts of this State upon certiorari from any justice's court or ordinary's court and the justice or justices or ordinary before whom the case was tried may have died before answering the writ of certiorari served, then it shall be the duty of the judge who granted the writ of certiorari, forthwith, whether in term time or vacation, to order a new trial to be had upon the case in the court below." Section 5202 of the Civil Code of 1910 embodies this language. Evidently Judge Hopkins, who codified the Code of 1910, was of the opinion that the act of 1899 should be construed as applying only to justices' courts and ordinaries' courts, and the Code as prepared by Judge Hopkins was afterwards adopted by the legislature and declared to be the Code of this State. Ga. L. 1910, p. 48. As to the effect of the adoption of the Code, see *Saunders* v. *Citizens First National Bank of Albany*, 165 *Ga.* 558, 562 (142 S. E. 127). And in *Gilbert* v. *Georgia R. &c. Co.*, 104 *Ga.* 412 (30 S. E. 673), it was said, in reference to a similar question: "While in amending statutes it is proper to embrace in the first part of the amending act, as declaratory of the intention of the General As-

sembly, what is to be the character of the amendment, still this part of the statute, which is merely declaratory of the legislative intention, is not to be looked to as the final determination of the General Assembly. When a statute or section of the code to be amended is recited in the statute in its amended shape, and it is in express terms declared therein that when amended the old law shall read in a certain way, this declaration by the General Assembly, being the last expression of its intention as to what shall be the law of the State, absolutely controls where any conflict arises as to matter contained in this declaration of what the law shall be and what is set forth in the first part of the amending statute as declaratory of the legislative intention. If the declaratory part, which recites that certain amendments are to be made, is entirely omitted from the recital as to how the statute shall read when amended, it is to be presumed that it was the intention of the General Assembly to omit from the new law that part of the amending statute which was not carried into the new law as recited in the statute, and that the failure to strike from the declaratory part of the law so much of it as was not to be embraced in the new law was by mistake or inadvertence. This being true, the proviso which is set forth in the first part of the act above quoted is no part of the law and was properly disregarded by the codifiers."

What is said above answers in the affirmative the question propounded by the Court of Appeals.    *All the Justices concur.*