23075. CRINE *et al. v.* MORTON SALT COMPANY.

BROYLES, C. J. 1. "Under the provisions of the act approved December 19, 1899 (Georgia Laws 1899, p. 38), amendatory of § 4653 of the Civil Code of 1895, where, after setting forth the amendments .to be made, it is declared that when amended the section shall read as follows: 'In all cases now pending, or which may be hereafter pending, in the superior courts of this State upon certiorari from any justice's court or

ordinary's court and the justice or justices or ordinary before whom the case was tried may have died before answering the writ of certiorari served, then it shall be the duty of the judge who granted the writ of certiorari, forthwith, whether in term time or vacation, to order a new trial to be had upon the case in the court below,' the provisions of that act making it the duty of the judge who granted the writ of certiorari to order a new trial in the court below are applicable to justices' and ordinaries' courts only." *Crine* v. *Morton Salt Co.*, 178 *Ga.* 754 (174 S. E. 347).

2. In the instant case the certiorari was directed to the judge of the city court of Cairo, who died before making his answer thereto. Under the foregoing ruling the judge of the superior court properly denied the motion of the plaintiff in certiorari to order a new trial in the city court.

3. Under the facts of the case the judge did not err in dismissing the certiorari and in entering up judgment in favor of the defendant in certiorari. Civil Code (1910), § 5205; *Pittman* v. *Alexander*, 19 *Ga. App.* 475 (91 S. E. 910); *Phelps* v. *Belle Isle*, 29 *Ga. App.* 571 (5) (116 S. E. 217).

4. This court, not being satisfied that the writ of error was prosecuted for the purpose of delay, denies the request of the defendant in error that damages be assessed against the plaintiff in error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED MAY 15, 1934.

*S. P. Cain,* for plaintiff in error.
*John R. Wilson, W. H. Miller,* contra.