26595. LEWALLEN v. DALTON AUTO & MACHINERY CO.

DECIDED FEBRUARY 15, 1938.

*William E. & W. G. Mann,* for plaintiff in error.
*I. C. Adams, R. Carter Pittman,* contra.

GUERRY, J. The Dalton Auto & Machinery Company sued ·A. J. Lewallen in a justice's court on an open account for $39.70. An itemized statement of the account was attached to the summons, as follows: "8-5-36, money lent debtor by creditor to meet his G. M. A. C. note, $7.96; 8-25-36, same, $8.37; 10-3-36, same $8.37. Wrecker and pulling bill on 11-2-36, $15." The defendant filed a plea and answer denying that he was indebted to the plaintiff in the sum sued for or in any other sum whatever, and further alleged as follows: "Defendant by cross-action and suit says that the Dalton Auto & Machinery Company is indebted to him in the sum of $100, the value of the car taken by the plaintiff, same being the reasonable market value of the salvage thereof. Defendant says that he purchased a certain car and executed his notes therefor to G. M. A. C., and that said car was covered by insurance and defendant was entitled to the salvage thereof and the salvage was worth $100 for which amount defendant sues and prays judgment." At the trial plaintiff moved to strike the above-quoted portion of the defendant's answer, which motion was overruled. The jury returned a verdict in favor of the defendant for $60. The plaintiff thereupon applied to the superior court for a writ of certiorari, assigning as error the ruling of the justice of the peace in refusing to strike the above-quoted portion of the defendant's answer and also the overruling of objections to evidence introduced thereunder, and further assigned error on the verdict and judgment on the ground that they were contrary to the law

and evidence. On the hearing of the certiorari the judge of the superior court passed the following order: "Upon hearing the issues in the above matter it is ordered and adjudged by the court that the petition for certiorari is hereby sustained and the judgment of the lower court is hereby reversed, and a final judgment is hereby rendered in favor of Dalton Auto & Machinery Company, plaintiff in certiorari, and against A. J. Lewallen, defendant in certiorari, for $39.70 principal. It is further ordered that the plaintiff in certiorari recover of the defendant in certiorari the amount of $    costs." Defendant in certiorari excepts to this order.

■ The judge of the superior court properly sustained the certiorari. It is the general rule that a claim for damages arising from a tort can not be set off against one arising on contract. *Standhardt* v. *Hardin,* 145 *Ga.* 147 (88 S. E. 565). The plea set up a conversion of personal property, which is in its nature an action ex delicto. It does not set up any contractual relation existing between the plaintiff and the defendant either express or implied. The plaintiff's action was based on contract, and the defendant could not set off against such an action a claim for damages arising from conversion of the personal property by plaintiff.

■ The assignments of error as contained in the petition for certiorari which we have already set out were meritorious, and a verdict not being demanded for the defendant the judge of the superior court did not err in sustaining the certiorari, but erred in entering a final judgment in favor of the plaintiff for the amount sued for. The assignments of error were not errors "in law which must finally govern the case" as provided in Code, § 19-501. This is true though the defendant introduced no evidence denying the account sued upon. *Holmes* v. *Pye,* 107 *Ga.* 784 (33 S. E. 816) ; *Seaboard Air-Line Ry.* v. *Blue,* 120 *Ga.* 228 (47 S. E. 569) ; *Atlantic Coast Line R. Co.* v. *Shuman,* 121 *Ga.* 113 (48 S. E. 680). Direction is therefore given that the judgment below be set aside, and that the court then deal with the case in the light of the entire record and of the law as here laid down. *Almand* v. *Georgia Railroad & Banking Co.,* 102 *Ga.* 151 (29 S. E. 159).

3. This headnote needs no elaboration.

*Judgment reversed, with direction. Broyles, C. J., and MacIntyre, J., concur.*