### 30771. HARDISON v. GLEDHILL.

DECIDED APRIL 6, 1945. REHEARING DENIED MAY 5, 1945.

434

*Will Gunn,* for plaintiff. *John J. McCreary,* for defendant.

GARDNER, J. We will deal with the questions above stated in

their order. ■ The first question presented has been ruled on adversely to the contentions of the defendant in *Avery* v. *State,* 4 *Ga. App.* 460 (61 S. E. 839), and *Lewallen* v. *Dalton Auto &c. Company,* 57 *Ga. App.* 328 (3) (195 S. E. 305).

■ The contention that the defendant had no notice of the certiorari is without merit. The waiver itself is a sufficient refutation of this argument.

■ The great weight of the argument urged as to why the judgment on the certiorari should be set aside is on the ground that the court was without jurisdiction to enter a final judgment under the Code, § 19-501. There can be no doubt that the court erred in entering a final judgment. In the Code section mentioned, it is provided, among other things, that, "In all cases when the error complained of is an error in law which must finally govern the case, and the court shall be satisfied there is no question of fact involved which makes it necessary to send the case back for a new hearing before the tribunal below, it shall be the duty of the said judge to make a final decision in said case, without sending it back to the tribunal below." This court has on many occasions held that, if there is any question of fact, whether disputed or not, the court commits error in entering up a final judgment. We cite only a few of them: *Porterfield* v. *Thompson,* 4 *Ga. App.* 524 (61 S. E. 1055); *Williams* v. *Stocks,* 19 *Ga. App.* 123 (91 S. E. 228); *Whiddon* v. *Atlantic Coast Line R. Co.,* 21 *Ga. App.* 377 (94 S. E. 617); *Tulen* v. *Towles,* 36 *Ga. App.* 328 (136 S. E. 537); *Butler* v. *Pickens,* 37 *Ga. App.* 621 (141 S. E. 218); *Keough* v. *Georgia Power Co.,* 40 *Ga. App.* 336 (149 S. E. 435); *Scott* v. *Newberry,* 42 *Ga. App.* 432 (156 S. E. 641), and the many decisions cited in those cases. So there can be no question but what the judge of the superior court committed reversible error in entering the judgment which he did in the certiorari proceedings. The question in the instant case is not whether he committed reversible error, but whether the judgment which he entered is void and a nullity under the Code, § 110-709, which reads: "Judgments void because of want of jurisdiction of court— The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." It is not contended that the court did not have jurisdiction of the parties and the subject-matter; it is

only contended that the court was without jurisdiction to enter a final judgment under said section 19-501. We have been unable to find, in our investigation, and counsel for the defendant have cited us to no decision, save one, where the court entered a final judgment in a case of this kind where the court used the word "jurisdiction" in holding that a final judgment should not have been entered. That one case is in the headnote of *Porterfield* v. *Thompson,* supra. It was used there only in the headnote, and we think inaptly and inadvertently so. In all the cases which we have been able to find, and even in the body of the opinion in the *Porterfield* case, the court speaks of "erroneous judgment" and "without authority" and "reversible error." If it could be said, as able counsel for the defendant contends, that an erroneous judgment is a void judgment, there would be little use in ever excepting to a final judgment on a certiorari proceeding. Such would uproot our entire court procedure, for all cases which are reversed by the appellate courts under this section contemplate that they are erroneous judgments. If they are erroneous, the law provides that the procedure to take advantage of such erroneous judgment is by excepting thereto within thirty days. Able counsel for the defendant himself argues that the proper judgment of the court should have been to remand the case to the justice's court for a new trial. He contends that the judgment for $41 was a valid judgment and should not have been increased in amount by a final judgment of the superior court, on the theory that the facts in the justice's court were disputed and as a matter of law did not demand the increase which the judgment of the superior court engrafted on the judgment of the inferior court. His own reasoning refutes his contention on this point. If the judgment was void, it was not the subject-matter of remand or any other judgment. An erroneous judgment is quite a different thing from a void judgment. Black's Law Dictionary (2d ed.) defines void: "Void. Null; ineffectual; nugatory; having no legal force or binding effect; unable, in law, to support the purpose for which it was intended." The same authority defined error: "Error. A mistaken judgment or incorrect belief as to the existence or effect of matters of fact, or a false or mistaken conception or application of the law. Such a mistaken or false conception or application of the law to the facts of a cause as will furnish ground for a review

of the proceedings upon a writ of error; a mistake of law, or false or irregular application of it, such as vitiates the proceedings and warrants the reversal of the judgment." It will thus be seen that a void judgment is a nullity—nothing. The addition to a void judgment is nothing, for in legal calculation as well as in mathematical calculation, nothing added to nothing amounts to nothing. Therefore the Code, § 110-701 et seq., provides the proper procedure whereby a void judgment may be dealt with. It may be attacked at any time, in any court, by any person. Or it may be arrested, under certain conditions. Or it may be set aside within three years after its rendition by the court assuming to render it, and thus brand it as a nullity. Such is the procedure for dealing with void judgments. The procedure to attack an erroneous judgment rendered under the Code, § 19-501, is provided under § 6-701 by a bill of exceptions to a reviewing court. We doubt if it was ever contemplated that a judgment rendered by the superior court under section 19-501 on hearing of a certiorari writ, should be attacked by a motion to set it aside. However, the extent of our opinion here is that the instant case presents no facts that the judgment of the inferior court (justice's court) in the instant case was void. Therefore the judgment of the superior court in certiorari, based thereon, though erroneous, is not void. Such judgment of the superior court being unexcepted to, must stand. This court is without authority to disturb it. The court did not err in overruling the motion to set the judgment of the superior court rendered on the certiorari proceedings aside.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

ON MOTION FOR REHEARING.

1. In a motion for rehearing counsel for movant call our attention to three additional decisions of the Supreme Court as follows: *Smith* v. *Bragg,* 68 *Ga.* 650; *Mitchell* v. *Western & Atlantic R. Co.,* 66 *Ga.* 243; and *Williams* v. *Bradfield,* 116 *Ga.* 705 (43 S. E. 57). In our view there is nothing in these additional decisions to sustain the view of movant.

2. Our attention is called to the fact that the court misinterpreted the contentions of counsel for the plaintiff in error, in that the court in effect stated that it was such counsel's position that the facts in the justice's court were undisputed. By inadvertence in wording our opinion, counsel is correct. We herewith change

that portion of the opinion so that it will read: "He contends that the judgment for $41 was a valid judgment and should not have been increased in amount by a final judgment of the superior court, on the theory that the facts in the justice's court were disputed and as a matter of law did not demand the increase which the judgment of the superior court engrafted on the judgment of the inferior court. His own reasoning refutes his contention on this point. If the judgment was void, it was not the subject-matter of remand or any other judgment." The changes made are substituting the word "disputed" for the word "undisputed;" striking the word "demanded" in the next following line, between the words "law" and "the," and substituting the words "did not demand." With these changes, the motion for rehearing is denied.