## HOLMES *v.* PYE & COMPANY.

1. When the only error alleged in a petition for certiorari is that the verdict therein complained of is contrary to law and to the evidence, and it appears that the evidence demanded a verdict for the plaintiff in certiorari, the superior court should, of course, sustain the certiorari; but it is erroneous in such a case, though there be no conflict in the evidence, to render a final judgment in his favor. This is so for the reason that in such a case the error complained of is not "an error in law which must finally govern the case," and further, because it could not be known with certainty that the evidence on another trial would be the same.
2. There was no error in sustaining the certiorari, but the court did err in rendering a final judgment.

Submitted May 4, — Decided June 3, 1899.

Levy and claim — certiorari. Before Judge Smith. Monroe superior court. August term, 1898.

Brown rented land of Castlen, agreeing to pay two bales of cotton for the year's rental, and continued under this contract until some time in April of that year, when Holmes went to Castlen and told him that Brown owed Holmes for a mule, and that he could not let him keep it unless Castlen would let Holmes become Brown's landlord, by renting to Holmes the land. Castlen and Brown both agreed to such transfer, Holmes becoming responsible to Castlen for the rental agreed to be paid by Brown. Brown paid four bales of cotton to Holmes, who applied three of them to payment of prior debts which Brown owed him for the mule and for fertilizer, and the fourth in payment of half the rental for the land. From the first of the year Brown had been trading with Pye & Co., and obtained from them supplies to make his crop. A few days before the levy on the bale of cotton now in dispute, Brown saw Andrews, of the firm of Pye & Co., and asked him what cotton was worth, and told him he would have one more bale of cotton which they could have at the price named by Andrews. He further stated that the cotton was not then ready, but that he would send them word when to send for it. On a later day he sent Andrews word, by Jackson, to send for the cotton on the next morning, which was done. Brown delivered the cotton to the wagon sent by Pye & Co., and Andrews directed it to be hauled to the gin. About an hour afterward it was levied on under a distress warrant sued out on behalf of Holmes as landlord. This was the first knowledge that Pye & Co. ever had that Holmes was Brown's landlord, or that he had any claim against Brown except for a mule note. When Brown sold the cotton to Pye & Co., he told Andrews that he had paid all the rents, and when the cotton came, if there was anything over, to pay it to Morris Brothers. No credit has ever been given by Pye & Co. to Brown on his indebtedness to them.

Pye & Co. interposed a claim to the cotton so levied on. On the trial in justice's court the jury found the property subject to the levy. Certiorari was sustained in the superior court, and final judgment rendered in favor of the claimants.

*R. D. Smith* and *B. B. McCowen*, for plaintiff.
*Bloodworth & Rutherford* and *W. Y. Allen*, contra.

LITTLE, J. The question which arises in this case is, whether J. C. Pye & Co. were such bona fide purchasers of the cotton levied on as entitles them to have the property free from the lien of the landlord. On the trial of the case in the justice's court, the jury found the property subject to the distress warrant, and judgment was rendered accordingly, to which Pye & Co. sued out a writ of certiorari. On the hearing the judge ordered that the certiorari be sustained, and, as in his opinion there was no question of fact involved which made it necessary to return the case for another hearing, he finally determined the same and gave judgment in favor of Pye & Co., the claimants. To that decision Holmes excepted. A consideration of the evidence in the record induces the conclusion that the judge of the superior court committed no error in sustaining the certiorari. Indeed, on the controlling question of fact in the case, the evidence required such a judgment. Under section 2795 of the Civil Code, a special lien for rent on the crops made on rented land is given to landlords, and such liens are superior to all other liens except those for taxes. The same section also gives a general lien on all the property of the debtor. It is to be noted that the superiority of landlords' liens, as fixed by the statute, is over other *liens.* In the case of *Thornton* v. *Carver,* 80 *Ga.* 397, it was ruled that a bona fide purchaser, without notice, of a crop grown on rented premises, will be protected against the lien, general or special, of the landlord for rent. It was conceded that the cotton levied on was grown on the rented premises, but it was contended by Pye & Co. that they were bona fide purchasers without notice, and therefore that the property was not subject to the distress warrant. This, of course, was a question of fact. The jury determined it adversely to the claimants. As before stated, the evidence seemed to require a verdict for the claimants, and therefore the certiorari was properly sustained. The judge, however, went further and made a final disposition of the case in favor of the claimants. This we think was error. Under section 4652 of the Civil Code, power is given to the superior court, on hearing the writ of certiorari, to order it dismissed, or return the same to the court from which it came, with in-

structions; and in all cases where the error complained of is an error in law which must finally govern the case, and there is no question of fact involved, it is the duty of the judge to make a final decision without sending the case back. The latter course can only be taken when there is no question of fact involved, and where the error complained of is an error of law which must finally govern the case. The errors complained of in the petition for the writ of certiorari in this case are, that the verdict is contrary to the evidence, against the weight of evidence, and without evidence to support it, and that the verdict is contrary to law. So that it will be seen that the verdict of the jury was alleged to have been against the evidence in the case and against the law. There were, then, questions of fact involved, upon the determination of which the rights of the parties must depend. It can not be said that the evidence contained in the record would necessarily be the evidence submitted on any future trial. It might, or it might not be.

In the case of *Rogers* v. *Georgia Railroad Co.*, 100 *Ga.* 699, this court held, on a hearing of a writ of certiorari, that "there being some evidence to sustain the finding, but the preponderance of the evidence being against the finding, the judge of the superior court would not have abused his discretion if he had ordered a new trial in the justice's court; but as the record does not make a case where 'the error complained of is an error of law which must finally govern the case,' and as it is one involving a question or questions of fact, which under the law made it 'necessary to send the case back for a new hearing' before the justice's court, it was error in the judge of the superior court to render a final judgment in the case instead of sending it back for a new trial." And in the case of *Almand* v. *Georgia Railroad & Banking Co.*, 102 *Ga.* 151, this court held, that, applying the law laid down in Civil Code, §4652, the case was one dependent mainly, if not entirely, upon the sufficiency of the evidence to warrant the verdict rendered in the justice's court; but that it could not, of course, be known with certainty that at another trial in that court the evidence would be the same. The learned judge delivering the opinion

in that case said: "If in a given case the juries in the magistrate's court continue to render verdicts which, in the opinion of the judge of the superior court, are contrary to law and the evidence, he may, in remanding the case for another trial, give appropriate instructions for observance when yet another hearing takes place. For instance, he may direct, if in his judgment it is right and proper to do so, that if at the next trial the evidence is the same, or substantially the same, as at the last preceding trial, the verdict should be so and so." Again, in the case of *Pinkston* v. *White*, 102 *Ga.* 561, the same judge, delivering the opinion of this court, said: "Inasmuch as the final determination of the case did not necessarily depend upon a controlling question of law, and there were issues of fact involved, the case should have been remanded for a new trial, and therefore the rendition by the superior court of a final judgment in the plaintiff's favor was erroneous." And in the case of *Johnson* v. *Coleman*, 106 *Ga.* 205, it was ruled by this court that "A superior court can not lawfully render a final judgment upon a certiorari when it appears that at the trial thereby brought under review there were disputed issues of fact and the case was not one the determination of which necessarily depended upon a controlling question of law." These authorities, which must be accepted as a proper interpretation of the rule laid down in the code, only authorize the superior court to make a final disposition of a case brought before it by a writ of certiorari, when the error complained of is an error in law which must finally govern the case; and if, on the trial of the case in the court where it was originally brought, there were disputed issues of fact, if the certiorari is sustained, the case must be returned to the court from which it came, for another trial. Such return may or may not be accompanied with instructions, and it can not be assumed in any case that the evidence which is contained in the record under review will be the evidence introduced on a succeeding trial. These rules when summed up mean this: If the case be one which the law, when properly construed, determines in favor of either party, the judge shall make a final disposition of the case; if the case be one dependent upon evidence, the lower court must

finally decide the question of fact involved, observing such instructions in relation to its judgment as may be given by the superior court.

It was proper in this case to sustain the certiorari. The evidence adduced at the trial required such a result, but there is no principle of law involved which must finally govern the case. Its determination depends upon evidence. This being so, it was error to make a final decision in the case. It should have been remanded to the justice's court for another trial. In so remanding it, the judge of the superior court could have sent with it such instructions as in his discretion the ends of justice required.

*Judgment reversed, with directions. All the Justices concurring.*