## WALKER *v.* REESE & COMPANY, and *vice versa.*

1. Where an answer to an action set up the defense of accord and satisfaction, based upon specified facts, and the evidence failed to establish the defense as alleged, but, if credible, proved an accord and satisfaction of a different character, a verdict for the defendant was unauthorized, and there was no error in setting it aside on certiorari.
2. There was no error in refusing to render a final judgment, as the error complained of was not "an error of law which must finally govern the case."

Argued March 20, — Decided April 11, 1900.

Certiorari.   Before Judge Hart.   Laurens superior court. July term, 1899.

*Alexander Akerman,* for Walker.

*T. L. Griner* and *James B. Sanders,* contra.

COBB, J.　Reese & Company sued Walker upon a promissory note.　Walker pleaded in defense to the action an accord and satisfaction, which consisted of an agreement between the parties that, upon the delivery to the plaintiffs of certain specified papers and a given amount of money, the defendant should be discharged from all liability on the note, and that the papers had been delivered and the money paid in compliance with this agreement.　At the trial the plaintiff introduced in evidence the note sued on, and the defendant introduced evidence tending to establish that an agreement had been entered into between the plaintiffs and defendant, whereby, upon the delivery to the plaintiffs of certain papers, the defendant was to be discharged from all liability on the note.　It was not at all clear that the papers referred to in the evidence had all been delivered according to the terms of the agreement, and there was no evidence whatever showing that any money had been paid.　The papers referred to in the evidence were of a similar character to those referred to in the plea.　The jury in the city court returned a verdict in favor of the defendant.　The judge of the superior court sustained a certiorari sued out by the plaintiffs,. and remanded the case to the city court for another hearing.　The defendant excepted to the ruling of the judge in sustaining the certiorari, and the plaintiffs excepted to his refusal to make a final disposition of the case.

1. This case upon its merits is controlled by the familiar rule, that the allegations and the proof must correspond.　The plea set up an accord and satisfaction.　The evidence tended to establish an accord and satisfaction, but one of a different character to that set up in the plea.　Even if there had been no conflict in the evidence, the defendant could not avail himself of a defense which he did not plead.　There being no evidence whatever to establish the accord and satisfaction pleaded, a verdict in favor of the defendant was unauthorized, and the judge did not err in sustaining the certiorari.

2. The power of the judge of the superior court to make a final disposition of a case on certiorari is limited to those cases in which "the error complained of is an error of law which must finally govern the case." The present case does not belong to that class. It may be that on another trial the defendant will be able to establish his defense, and if he can he should have an opportunity to do so. The refusal of the judge of the city court to direct a verdict in favor of the plaintiffs, even if erroneous, was not an error of law "which must finally govern the case," for the simple reason, as stated above, that it can not be known with certainty that on another trial · the evidence will be the same. *Holmes* v. *Pye,* 107 *Ga.* 784, and cases cited; *Velvin* v. *Austin,* 109 *Ga.* 200, and cases cited.

*Judgments affirmed. All the Justices concurring.*