## MORGAN v. CAMPBELL.

1. An assignment of error predicated on a fact dehors the record is insufficient, unless it affirmatively appears that such fact is proved or admitted to exist.

2. It is no cause for dismissing an appeal to the superior court from the court of ordinary that the ordinary does not send up with the appeal papers a certificate or other evidence showing that the appellant has paid the costs which accrued in the trial of the case.

3. Assignments of error made in the bill of exceptions, which are not referred to in the brief of the counsel for the plaintiff in error, will be considered as abandoned.

4. The evidence supports the judgment, which was rendered on the facts by the judge without the intervention of a jury; but the plaintiff in error should not have been taxed with the entire cost.

Argued July 12,—Decided November 20, 1909.

Appeal. Before Judge Clark, of the city court of Forsyth. Monroe superior court. August 28, 1908.

*Gleaton & Gleaton,* for plaintiff in error.

*John B. Hutcheson,* contra.

EVANS, P. J. This is an appeal by an administrator from the judgment of the court of ordinary, rendered on the application of the administrator for a final settlement. When the case was called in the superior court, the appellee moved to dismiss the appeal. The court refused to dismiss the appeal, and the case proceeded to trial and resulted in a verdict favorable to the administrator. A direct exception was taken to this court by the unsuccessful distributee.

1, 2. The bill of exceptions recites that the plaintiff in error "moved to dismiss the appeal, because it failed to appear that the costs in the court of ordinary had been paid in order to enter the appeal, and it further appeared that the costs had not been paid." There is no statement in the record that in point of fact the costs had not been paid. The recital in the bill of exceptions is that the appellee advanced, as a reason why his motion should prevail, that the costs had not been paid. An assignment of error predicated on a fact dehors the record is insufficient, unless it affirmatively appears that such fact is proved or admitted to exist. The appeal is silent as to the payment of costs. The statute providing for appeals from the court of ordinary to the superior court does not require that the ordinary send up with the appeal papers a certificate or

other evidence showing that the appellant has paid the costs which accrued in the trial of the case. Civil Code of 1895, §§ 4466, 4467. The code sections relating to appeals to the superior court from the justice courts and courts of ordinary are identical. *Robinson* v. *McAlpin,* 120 *Ga.* 491. It has been held that it is no cause for dismissing an appeal to the superior court from a justice's court that the justice does not send up with the appeal papers a certificate or other evidence showing that the appellant has paid the costs of the case in the justice court. *Gibson* v. *Cook,* 116 *Ga.* 817.

3. In the bill of exceptions error is assigned on the admission of certain evidence; but as this assignment of error is not referred to in the brief of counsel, it will be considered as abandoned.

4. The case was tried, with the consent of the parties, by the judge without a jury. It is claimed that the judgment of the court is erroneous for certain reasons which go to the sufficiency of the evidence. We have carefully examined the evidence in the light of this criticism, and have reached the conclusion that there is sufficient evidence to support the judgment.

It is also urged that the judgment is erroneous in that the court taxed the entire cost of the proceeding upon the plaintiff in error. The proceeding before the ordinary was a citation by the administrator against the distributee and assignee of one of the distributees, the plaintiff in error, for a settlement of the estate in the hands of the administrator. So much of the costs as related to the proceeding proper before the ordinary prior to the filing of his caveat was not chargeable against the plaintiff in error, but the cost which accrued and was the result of the litigation which ensued upon the filing of his answer claiming an interest in the estate was properly chargeable against the plaintiff in error. In affirming the judgment of the court below, we direct that the judgment as to the costs be amended in this respect.

*Judgment affirmed, with direction. All the Justices concur.*