8846. STATE OF GEORGIA, for use, etc., *v.* JOHNSON.

WADE, C. J.   1. Leaving out of consideration all extraneous recitals appearing in the answer of ·the magistrate and in the briefs of counsel for both parties, the sole issue at the trial of this case in the justice's court was whether or not the title to the property levied upon by the plaintiff in fi. fa. was vested in the defendant in fi. fa. or in the claimant. The fact that the claimant himself had directed another fi. fa. in his favor to be levied upon the same property, as the property of the same defendant, would not preclude him from interposing his claim to· said property, as against the plaintiff in fi. fa., or furnish a sufficient legal ground for the dismissal of his claim on the trial of the issue raised by the levy of the fi. fa. in favor of such other ·plaintiff and the interposition of his said claim to the property, though such fact be evidence, if properly presented to the court at the trial, which might be considered in the light of an admission by the claimant against his title, subject to explanation.

2. Though at the trial in the justice's court questions of both law and fact were raised, there was no conflict in the evidence and no issue of fact was presented by the record in the superior court for determination, and from a reasonable interpretation of the petition for certiorari only rulings involving questions of law were complained of; and therefore the judge of the superior court did not err in declining to dismiss the certiorari because there had been no antecedent trial before a jury in the justice's court, notwithstanding less than $50 was involved. *Toole* v. *Edmondson,* 104 *Ga.* 776, 783 (5) (31 S. E. 25)'.

3. The court properly sustained ·the certiorari, and did not err in not failing to render final judgment therein, and in remanding the case to the justice's court for a retrial. 'Though there was no conflict in the evidence at the trial under review, and hence no issue of fact was involved in the consideration of the certiorari, the case must finally be determined upon the evidence, and the judge of the superior court could .not know with certainty that the evidence on another trial would be the same. "When the only error alleged in a petition for certiorari is that the verdict therein complained of is contrary to law and to the evidence, and it appears that the evidence demanded a verdict for the plaintiff in certiorari, the superior court should, of course, sustain the certiorari; .but it is erroneous in such a case, though there be no conflict in ·the evidence, to render a final judgment in his favor. This is so for the reason that in such a case the error complained of is not

an error in law which must· finally govern the case,' and further, be-
cause it could not be known with certainty that the evidence on another
trial would be the same." *Holmes* v. *Pye,* 107 *Ga.* 784 (33 S. E. 816).
See also *Atlantic Coast Line R.* ·*Co.* v. *Shuman,* 121 *Ga.* 113 (48 S. E.
680). Although it may clearly appear from the facts disclosed by the
record that the verdict rendered in the lower court was without evi-
dence to support it, if the final determination of a case tried in a jus-
tice's court and carried by certiorari to the superior court, does not
depend upon any controlling question of law, but issues of fact are in-
volved, the superior court has no authority to render a final judgment
therein. *Patterson* v. *Central Ry. Co.,* 117 *Ga.* 827 (45 S. E. 250).

> *Judgment affirmed. .Jenkins and Luke, JJ., concur.*
> DECIDED NOVEMBER 16, 1917.

Certiorari; from Fayette superior court—Judge Searcy. March
22, 1917.

*J. W. Culpepper,* for plaintiff.

*E. J. Reagan, W. B. Hollingsworth,* for defendant.