8988. WHIDDON *v.* ATLANTIC COAST LINE RAILROAD COMPANY.

BROYLES, P. J. 1. This was a suit in a justice's court, brought against a railroad company for injury to live stock. The amount involved exceeded fifty dollars. The justice rendered judgment against the defendant, and the case was carried by certiorari directly to the superior court. The question whether or not the writ of certiorari was the available remedy for the defendant, though argued in the brief of counsel for the plaintiff in error, was not made before the lower court or in the record brought to this court, and therefore will not be passed upon. *Savannah, Thunderbolt & Isle of Hope Ry.* v. *Fennell,* 100 *Ga.* 474 (28 S. E. 437), and cases there cited.

2. The plaintiff's right to recover resting solely upon the statutory presumption of negligence (Park's Ann. Code, § 2780), and the testimony of the engineer (undisputed by any other testimony or by any physical facts of the case) showing that he and his fireman were in the exercise of all ordinary care and diligence, and that the killing and injuring of the plaintiff's live-stock were not due to any negligence of the defendant or its employees, the presumption of negligence was completely rebutted, and the recovery in favor of the plaintiff was unauthorized. *Georgia Railroad & Banking Co.* v. *Wall,* 80 *Ga.* 202, 204 (7 S. E. 639); *Georgia Southern & Florida Ry. Co.* v. *Sanders,* 111 *Ga.* 128 (36 S. E. 458); *Atlantic Coast Line Railroad Co.* v. *Cox,* 11 *Ga. App.* 384 (75 S. E. 268).

(a) This was a suit for the killing of one ox and the injuring of another. The engineer testified, that on the occasion in question it was about 12:50 o'clock on a very foggy night; that the train was running about thirty miles an hour; that he had been and was looking ahead all the time; that the engine was equipped with an electric headlight in good condition; that on a clear night, with this light, he could see on a straight track a quarter of a mile; that the track at this point was straight for a considerable distance, but that because of the fog on this occasion he could not see an object more than one hundred feet ahead; that when he first saw the ox (he saw only one ox) it was

*about one hundred feet ahead,* near the edge of the track; that the train was equipped with air-brakes, in good condition; that immediately upon seeing the ox he reversed his engine, shut off the steam, applied the emergency brakes, and *sounded the cattle-alarm* with the whistle; that when he applied the air-brakes the speed of the train, in the distance of one hundred feet, was slowed down from thirty miles to between ten and fifteen miles an hour; that he *could have done nothing .* else than he did to prevent striking the animal, and that it was impossible, at the rate of speed at which the train was moving, to have stopped the train before reaching and hitting the animal; and that his fireman at the time was engaged in firing in front of the fire-box, and did not and could not have seen the ox from his position.

3. There was no conflict in the evidence submitted. The plaintiff contends that there were conflicts as to (1) whether the track was straight, and (2) whether the night was foggy. On the first point, all the witnesses substantially agreed that the track was straight for a considerable distance up to and at the crossing where the injury occurred, but that just beyond the crossing the track curved. As to the second point: the engineer's testimony that the night was very foggy, *at the place where the injury occurred,* was undisputed. The mere fact that the plaintiff testified that on that night there was no fog *where he lived, which was a mile from the scene of the accident,* did not raise an issue of fact on this question.

4. Under all the facts of the case the judge of the superior court did not err in sustaining the certiorari and in setting aside the judgment in the justice's court. He was not authorized, however, to render a final judgment in favor of the plaintiff in certiorari. The case should have been remanded for another trial. In so remanding it the judge could have sent with it such instructions as in his discretion the ends of justice required. *Holmes* v. *Pye,* 107 *Ga.* 784 (33 S. E. 816); *Atlantic Coast Line Railroad Co.* v. *Shuman,* 121 *Ga.* 113 (48 S. E. 680); *Moore* v. *Southern Express Co.,* 9 *Ga. App.* 487 (71 S. E. 762). The judgment rendered in the superior court was as follows: "Upon hearing the within certiorari, it is ordered that the same be and is hereby sustained and the judgment complained of is set aside. It is further ordered that the plaintiff in certiorari recover of Tigner Whiddon $4.80 cost paid by plaintiff in the justice court, and the further sum of———— costs in this court." It is not clear from the language of this judgment that it is a final one; but apparently it was so intended by the court, since the case was not remanded for another trial, and since judgment was rendered not only for the costs in the superior court but also for the costs in the justice's court, which latter item of costs could not legally have been included in the judgment unless it were a final decision upon the certiorari. Park's Ann. Code, § 5204; *Haire* v. *Mc-Cardle,* 107 *Ga.* 775 (2), 778 (33 S. E. 683). It also appears that this judgment was considered as a final disposition of the case by both parties, counsel for plaintiff expressly stating in their brief that it was a final judgment in the case, and counsel for the defendant (who filed no brief but who acknowledged service upon them of the brief of op-

posing counsel), by their silence, apparently acquiescing in this view. Under these particular circumstances the judgment will be treated as a final disposition of the case, and it is therefore reversed, with direction that the case be remanded to the justice's court for a new trial.

*Judgment reversed, with direction. Bloodworth and Harwell, JJ., concur.*

DECIDED DECEMBER 11, 1917.

Certiorari; from Decatur superior court—Judge Harrell. May 24, 1917.

*M. E. O'Neal, J. C. Hale,* for plaintiff.