## 16278.   TUTEN *v.* TOWLES.

1. Where a contract of rental has been terminated by mutual agreement between the parties before the expiration of the term, the tenant is not liable thereunder for rent accruing from the occupancy of the premises after the termination of the contract.
2. Where, upon the abrogation of a contract of rental, the owner moves upon the premises and continues to live in the house with the tenant, and the tenant agrees to "stay on" and remains on the premises for a number of days, during which time he looks after the owner's cows and feeds them, such circumstances alone are insufficient to establish a contract of rental.

Decided October 17, 1925.

Certiorari; from Chatham superior court—Judge Meldrim. January 7, 1925.

*Frederick A. Tuten,* for plaintiff in error.

*N. J. Norman, I. C. Farthing,* contra.

Stephens, J. 1. Mrs. Towles instituted a suit against Tuten, to recover two months rent at $20 per month, and the price of an automobile tire at $9, less a credit of $10 paid upon the rent. There was introduced in evidence a written contract, by the terms of which Mrs. Towles leased certain premises to Mrs. Tuten for the sum of $20 per month for a period of sixteen months, and also sold to her certain cows and other property at an agreed price. It is inferable from the evidence that Mrs. Tuten executed this contract, which was not under seal, as agent for her husband. The evidence is conclusive that, before the expiration of one month after the execution of the contract and after the defendant had taken possession of the premises and the property, the plaintiff moved into the house with the defendant and his family, and, under an agree-

30

ment with the defendant, in the language of the plaintiff in her testimony, "relieved him of the contract;" that the defendant, after remaining on the premises with the plaintiff, gave up the premises and moved away; and that the defendant occupied the premises not exceeding a month and two days. It thus appears that, before the defendant had occupied the premises for one month, the contract of rental was terminated, and he was not liable under the contract for rent for occupancy of the premises afterwards.

2. While there is evidence to the effect that when the plaintiff, Mrs. Towles, moved into the house with the Tutens, "the Tutens were to stay right on and she was to stay with them," this evidence is insufficient to establish the relationship of landlord and tenant between the parties, in view of the undisputed testimony to the effect that, after the abrogation of the original contract of rental and for the sale of the cows and other property, the defendant, while remaining on the premises with the plaintiff, at times looked after the plaintiff's cows and fed them for her. Under no view of the evidence is the plaintiff entitled to recover rental beyond the period of time during which the defendant and his family occupied the premises. The verdict finding for the full amount sued for was therefore without evidence to support it. It is not necessary to decide whether, as contended by the defendant, the agreement by which he was "relieved" of the contract by the plaintiff relieved him of the unpaid rental up to that time. The judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*