### 17402.  TUTEN v. TOWLES.

BELL, J.  Upon a prior appearance of this case in this court (*Tuten* v. *Towles*, 34 *Ga. App.* 465, 129 S. E. 906), it was held that the trial court erred in overruling the certiorari.  Thereafter, on November 9, 1925, the court below entered a judgment making the remittitur from this court the judgment of that court without expressly sustaining the certiorari or remanding the case to the municipal court.  On April 23, 1926, the presiding judge, on the application of the defendant in certiorari, and after notice to the plaintiff in certiorari, entered a judgment formally sustaining the certiorari and remanding the case to the municipal court with instructions.  To this judgment the plaintiff in certiorari excepted.  *Held:*

1. Assuming (without deciding) that the judgment of the superior court making the remittitur from this court the judgment of that court did not per se have the effect of sustaining the certiorari and of remanding the case to the municipal court, the superior court was not without jurisdiction at a subsequent term to pass a formal order sustaining the certiorari and remanding the case with instructions, as was done.  See, in this connection, *Knox* v. *State*, 113 *Ga.* 929 (39 S. E. 330); *Equity Life Asso.* v. *Gammon*, 119 *Ga.* 271 (7) (46 S. E. 100); *Rusk* v. *Hill*, 121 *Ga.* 378 (1) (49 S. E. 261).

2. "When the only error alleged in a petition is that the verdict therein complained of is contrary to the law and to the evidence, and it appears that the evidence demanded a verdict for the plaintiff in certiorari, the superior court should, of course, sustain the certiorari; but it is erroneous in such a case, though there be no conflict in the evidence, to render a final judgment in his favor.  This is so for the reason that in such a case the error complained of is not 'an error in law which must finally govern the case,' and further, because it could not be known with certainty that the evidence on another trial would be the same." *Holmes* v. *Pye*, 107 *Ga.* 784 (33 S. E. 816).  The facts of the present case sufficiently appear in the statement accompanying the former decision.  Applying to them the principle just quoted from *Holmes* v. *Pye*, the superior court did not err in refusing to render final judgment in favor of the plaintiff in certiorari, nor in remanding the case to the municipal court for further proceedings.  Civil Code (1910), § 5201; *State* v. *Johnson*, 21 *Ga. App.* 320 (3) (94 S. E. 325); *Whiddon* v. *Atlantic Coast Line R. Co.*, 21 *Ga. App.* 377 (4) (94 S. E. 617); *Hancock* v. *Allen*, 29 *Ga. App.* 611 (3) (116 S. E. 321), and cases cited.

*Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 24, 1927.

Petition to remand; from Chatham superior court—Judge Meldrim.  April 23, 1926.

*Odom & Tuten*, for plaintiff in error.

*N. J. Norman, I. C. Farthing*, contra.

Certiorari, 11 C. J. p. 212, n. 65; p. 223, n. 51 New.