## CAIN (King) *v.* THE STATE.

1. The act of 1927 (Acts 1927, p. 317), which provides that juries in their verdicts upon "the trial of all cases upon the criminal side of the court, involving misdemeanors, in constitutional city courts having jurisdiction over counties whose population under the 1920 census of the United States was not less than 60,000 inhabitants and not more than 70,000 inhabitants, and over counties whose population under any future census of the United States shall not be less than 60,000 inhabitants and not in excess of 70,000 inhabitants, shall in their verdict prescribe the sentence or punishment to be inflicted upon the defendant, in which verdict may be imposed an alternative sentence or a sentence imposing a fine, a term in jail, and a term upon the chain-gang, all within the limits prescribed by law for misdemeanors, either, any, or all of said punishments; and the judge in imposing sentence upon the defendant shall follow that fixed by the jury in its verdict," is violative of art. 1, sec. 4, par. 1, of the constitution of the State of Georgia (Civil Code of

1910, § 6391), which declares that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law."

2. The act of 1927 (Acts 1927, p. 317) is in conflict with art. 6, sec. 9, par. 1, of the constitution of the State (Civil Code of 1910, § 6527), which provides that "The jurisdiction, powers, proceedings, and practice of all courts or officers invested with judicial powers (except city courts), of the same grade or class, so far as regulated by law, and the force and effect of the process, judgment, and decree by such courts, severally, shall be uniform. This uniformity must be established by the General Assembly."

3 The act of 1927, supra, is in violation of art. 1, sec. 2, par. 1, of the constitution of the State (Civil Code of 1910, § 6382), which provides that "the jury in all criminal cases shall be the judges of the law and the facts. The power of the judges to grant new trials in cases of conviction is preserved."

4. The act of 1927, supra, does not violate the due-process clauses of the State and Federal constitutions, nor does it deny to the plaintiff in error the equal protection of the laws.

5. .The judge erred in overruling the motion for new trial and the motion in arrest of judgment, which two motions were based upon identical grounds.

No. 6304.　June 27, 1928.

Larceny from house.　Before Judge Black.　Richmond city court. October 12, 1927.

*Pierce Brothers,* for plaintiff in error.

*W. Inman Curry, solicitor,* contra.

A decision was rendered in this case on March 26, 1928, affirming the judgment of the trial court. A motion for rehearing was granted; the former decision and judgment were withdrawn, and the present ones substituted.

Hill, J.　Pierce King, alias Cain, was tried in the city court of Richmond County for a misdemeanor, and the jury returned the following verdict: "We, the jury, find the defendant guilty, and fix his sentence at twelve months service on chain-gang." In accordance with the verdict the judge of the city court of Richmond County ordered that the defendant "do work in the chain-gang on the public roads of said county, or on such other public works as the county or State authorities may employ the chain-gang, for the term of twelve months." To the judgments overruling his motions for new trial and in arrest of judgment the defendant excepted. These motions raised the same questions, viz., as to the constitutionality of the act of the legislature (Acts 1927, p. 317), the ma-

terial portions of which are as follows: "Juries in their verdicts upon the trial of all cases upon the criminal side of the court, involving misdemeanors, in constitutional city courts having jurisdiction over counties whose population under the 1920 census of the United States was not less than 60,000 inhabitants and not more than 70,000 inhabitants, and over counties whose population under any future census of the United States shall be not less than 60,000 inhabitants and not in excess of 70,000 inhabitants, shall in their verdict prescribe the sentence or punishment to be inflicted upon the defendant, in which verdict may be imposed an alternative sentence or a sentence imposing a fine, a term in jail, and a term upon the chain-gang, all within the limits prescribed by law for misdemeanors, either, any, or all of said punishments; and the judge in imposing sentence upon the defendant shall follow that fixed by the jury in its verdict."

1. The first question presented for determination is whether the act in question is a special law for which provision has been made by an existing general law, and is therefore unconstitutional. Art. 1, sec. 4, par. 1, of the constitution of the State of Georgia (Civil Code of 1910, § 6391), provides: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." It is insisted that there was a general law of force at the time of the passage of the act of 1927, covering the same subject-matter, to wit, Penal Code (1910), § 1065, which is as follows: "Except where otherwise provided, every crime declared to be a misdemeanor is punishable by a fine not to exceed $1000, imprisonment not to exceed six months, to work in the chain-gang on the public roads, or on such other public works as the county or State authorities may employ the chain-gang, not to exceed twelve months, any one or more of these punishments in the discretion of the judge." If the act in question is a special law for which such provision has been made by an existing general law, then it is null and void. The first section of the act provides that juries in constitutional city courts having jurisdiction over counties whose population under the 1920 census of the United States was not less than 60,000 inhabitants and not more than 70,-000, and over counties whose population under any future census of the United States shall be not less than 60,000 inhabitants and

not in excess of 70,000 inhabitants, shall in their verdicts prescribe the sentence or punishment to be inflicted upon the defendant, etc. Section 1065, quoted above, which is a general law, authorizes the *judge* to fix the punishment in certain misdemeanor cases, but there is no provision in that section for *juries* to prescribe the punishment which may be imposed, after verdict, by the judge.

A comparison of the provisions of these statutes shows that the act of 1927 limits the broad power conferred upon the judge in imposing the penalty provided in the Penal Code, § 1065, in misdemeanor cases, by restricting his power and requiring him to impose the penalty that may be recommended by the jury. This is a substantial restriction upon the power of the judge. The power of the judge under § 1065 can only be modified in the manner above indicated by a general law applicable throughout the State. It is manifest that the act of 1927 does not purport to be applicable throughout the State, but it is applicable only in certain cities and counties on the basis of population. It is insisted that the act of 1927 is not violative of the constitution, and is a valid law, under the principle of classification based on population. That principle is generally applicable where there is a reasonable relation between the subject of legislation and population, but not where there is no such reasonable relation. The provision of the statute now under attack had reference to punishment that shall be imposed by judges in misdemeanor cases, and there is no reasonable relation between the amount and character of punishment that shall be imposed upon the person convicted of a misdemeanor and the population of the city or county in which the offense may have been committed. Population is not a proper basis for the classification as attempted by the act of 1927, as authorizing the jury in cities or counties having the requisite population to control the discretion of the judge under the general law (§ 1065) in imposing the penalties provided by the general law in misdemeanor cases. In this view the provision of the act of 1927 in question is violative of the constitutional provision hereinbefore quoted. The case of *Abbott* v. *Commissioners,* 160 *Ga.* 657 (129 S. E. 38), involved the amount of compensation which should be paid to a tax-receiver, and concerning which population, in the opinion of a majority of the court, had a reasonable relation; and that decision is not in conflict with the ruling here made,

2.   Headnotes 2, 3, and 4 require no elaboration.

3.   Grounds 5 and 6 of the motion for new trial are insufficient to raise questions for decision.

4.   Under application of the principles announced in the first and second divisions, the judge erred in overruling the motions for new trial and in arrest of judgment.

*Judgment reversed.   All the Justices concur.*