21167. SMITH *v.* WILLIAMSON & SONS INCORPORATED.

JENKINS, P. J. 1. The petition as amended set forth a cause of action.

2. A judgment of the superior court sustaining a certiorari for the first time is "equivalent to the first grant of a new trial;" and where a verdict is not demanded by the evidence, the judgment sustaining the certiorari and granting a new trial should be affirmed. *Murray* v. *Stribling,* 28 *Ga. App.* 211 (110 S. E. 761); *Nickajack Milling &c. Co.* v. *International Vegetable Oil Co.,* 26 *Ga. App.* 473 (106 S. E. 300); *Gresham* v. *Lee,* 28 *Ga. App.* 576, 580 (112 S. E. 524), and citations. However, when the final determination of a case tried in an inferior court "and carried by certiorari to the superior court does not depend upon any controlling question of law, and there are issues of fact involved, the superior court has no authority to render a final judgment therein, although it may clearly appear from the facts disclosed by the record that the verdict rendered in the lower court was without evidence to support it." *Patterson* v. *Central of Ga. Ry. Co.,* 117 *Ga.* 827 (45 S. E. 250); *Holmes* v. *Pye,* 107 *Ga.* 784 (33 S. E. 816); *Walker* v. *Reese,* 110 *Ga.* 582 (35 S. E. 771); *Bryan* v. *Central of Ga. Ry. Co.,* 117 *Ga.* 827 (45 S. E. 72); *State* v. *Johnson,* 21 *Ga. App.* 320 (94 S. E. 325); *Zeigler* v. *Perry,* 37 *Ga. App.* 647, 648 (4) (141 S. E. 426). Accordingly, although the judge of the superior court did not abuse his discretion in sustaining the certiorari, it was error to go further and render final judgment for the plaintiff in certiorari.

Judgment reversed. *Stephens and Bell, JJ., concur.*

DECIDED AUGUST 27, 1931.

*Colquitt, Parker, Troutman & Arkwright, Ray Williams,* for plaintiff.

*G. H. Cornwell,* for defendant.