25862. MURPHY *v.* DRUM & BUGLE CORPS.

DECIDED FEBRUARY 27, 1937.

*Fleming & Fleming,* for plaintiff in error.
*Clarence L. Powell,* contra.

FELTON, J. On a former writ of error in this case, by a petitioner in certiorari (the defendant in a suit on a note in the municipal court), this court held that the trial court erred in striking from the defendant's answer certain paragraphs which set up a contemporaneous parol agreement that the note should not be delivered or take effect except on the performance of a certain condition; that therefore the trial court erred in directing a verdict for the plaintiff and in denying a new trial; and that for these reasons the superior court erred in overruling the petition for certiorari. *Murphy* v. *Drum & Bugle Corps,* 53 *Ga. App.* 448 (186 S. E. 444). When the remittitur was made the judgment of the superior court, the defendant moved for a final judgment in his favor, on the ground that the sole question involved and settled by this court was one of law, and there was no question of fact to require a retrial. The defendant contends that the existence of the alleged oral agreement has never been denied; and in the superior court he called on the plaintiffs or their counsel to deny its existence, as a condition to a withdrawal of his motion for final judgment and to a remand for a new trial. This demand was met with silence. The defendant excepts to the denial of his motion for final judgment; to the refusal to include in the judgment rendered a recovery of the $15 costs incurred in this court, and $8.68 other costs incurred in the superior court in bringing the case here; and to the mere remand of the case for

a new trial with direction that the defendant be allowed to set up the defenses alleged in the stricken paragraphs of the answer.

1. The erroneous striking from the answer of the portion which set up a parol agreement that the note sued on should not be delivered or made effective except on performance of the specified condition and the resulting elimination of this defense, rendered all subsequent proceedings in the municipal court nugatory. But unless it was shown clearly and without dispute to the judge of the superior court passing on the certiorari from such ruling, at the time when the remittitur from this court was made the judgment of the superior court, that no issue of fact existed and would exist in the municipal court as to the eliminated defensive matter, the superior court had no authority under the Code, § 19-501, to render a final judgment in favor of the defendant. If issues of fact might arise on a retrial, even though the former judgment in favor of the plaintiffs might have been without evidence to support it, nevertheless the superior court must remand the case for a new trial. *Sapp* v. *Adams,* 65 *Ga.* 600; *Desvergers* v. *Kruger,* 60 *Ga.* 100; *Rogers* v. *Ga. R. Co.,* 100 *Ga.* 699 (28 S. E. 457, 62 Am. St. R. 351); *Patterson* v. *Central R. Co.,* 117 *Ga.* 827 (45 S. E. 250); *Alabama Great Southern R. Co.* v. *Austin,* 112 *Ga.* 61 (37 S. E. 91); *Pittman* v. *Alexander,* 19 *Ga. App.* 475 (91 S. E. 910), and cit.; *Fain* v. *Pilcher,* 31 *Ga. App.* 115 (120 S. E. 27). Although, as a general rule, a superior court may direct that if the evidence be substantially the same at the next trial a verdict should be rendered for the defendant (*Baker* v. *Kendrick,* 9 *Ga. App.* 382, 71 S. E. 498), such a direction would not be proper where, in consequence of an erroneous ruling as to pleadings, a material issue was eliminated, and one or both parties was thus prevented from a free introduction of proper evidence thereon. Even though, as in the instant case, one party may have been allowed, under the erroneous ruling striking a defense, to introduce evidence related thereto but for a limited purpose, and the opposite party did not attempt to rebut such evidence, the latter would not be precluded from introducing at a retrial all available legal evidence which he might have to meet such stricken defense. The superior court was without power to anticipate and determine that there would be no such evidence; and the defendant was without legal right to demand that the

plaintiff disclose in the superior court its evidence or lack of evidence. A mere opinion of the municipal judge in his answer to the certiorari, that only a question of law for decision by the superior court was involved, is not binding on the superior or any other court. The court did not err in refusing to enter a final judgment.

2. The petitioner in certiorari, as the successful litigant in this court in the reversal of the judgment of the superior court overruling his petition for certiorari, was entitled to recover in the superior court the costs expended in this court and the costs in the superior court which he was required to pay before bringing his former writ of error and obtaining a supersedeas. See Code, § 6-1002 et seq.; *Central of Ga. Ry. Co.* v. *Glascock,* 120 *Ga.* 319 (47 S. E. 910); *Gunnels* v. *Deavours,* 59 *Ga.* 196; *Turner* v. *Carroll,* 56 *Ga.* 456; *Pope* v. *Jones,* 79 *Ga.* 487 (3) (4 S. E. 860). However, even though under the former decision of this court the petition for certiorari was finally sustained, the petitioner was not entitled to a judgment in the superior court for the costs paid in the municipal court to obtain the writ. These must be left to abide the final trial in that court. *Haire* v. *McCardle,* 107 *Ga.* 775 (33 S. E. 683); *Tison* v. *Savannah, Florida &c. Ry. Co.,* 97 *Ga.* 366 (24 S. E. 456). The judgment of the superior court is affirmed, with direction that its judgment be so amended as to the costs as to include the items incurred in this court and the superior court. See *Morgan* v. *Campbell,* 133 *Ga.* 549, 550 (66 S. E. 369).

*Judgment affirmed, with direction. Stephens, P. J., and Sutton, J., concur.*