30755.    SNEED *v.* THE STATE.

DECIDED JANUARY 31, 1945.    REHEARING DENIED FEBRUARY 13, 1945.

*Wesley R. Asinof,* for plaintiff in error.

*Lindley W. Camp, solicitor, John A. Boykin, E. E. Andrews, solicitors-general, Durwood T. Pye,* contra.

GARDNER, J. ■ It will be noted that no proper attack was made in the pleading in the trial court as to the constitutionality of the legislative act (Ga. L. 1890-91, vol. 2, p. 935), providing, among other things, that the defendant shall not be discharged in the criminal court of Fulton County, after putting in his demand for trial, until the next term after the expiration of six months from the date of such demand. It is conceded that such is a provision of the act creating that court. But the defendant contends that this court has authority, nevertheless, to consider such provision as to demand under the cited act of 1891 null and void, as being a special law in direct conflict with the general law on the question of demand contained in the Code, § 27-1901. As to the conflict of these two statutes, this brings into consideration a constitutional question under our State constitution (art. 1, sec. 4, par. 1), as follows: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." We have been unable to find any case where the Supreme Court has ruled directly on the identical question here argued, and we have been cited to no such authority. The only decision cited is *Cain* v. *State,* 166 *Ga.* 539 (144 S. E. 6). The question argued is not identical with that in *Cain* v. *State.*

This being true *(Gormley* v. *Walton,* 47 *Ga. App.* 466, 170 S. E. 706), this court is without constitutional authority to determine that the provisions of the act of 1891 above cited as to a demand for trial is unconstitutional and in conflict with the general law as contained in the Code, § 27-1901. The lack of authority of this court on this question is found in § 2-3005. The Supreme Court corrects all errors from superior courts, "in all cases in which the constitutionality of any law of the State of Georgia . . is drawn in question." Therefore it follows that this court is without authority to reverse this case for any of the

reasons assigned on this contention of the first ground of the plea in bar of the accused.

■ We come next to consider the second ground. It will be noted that the allegations of the petition for certiorari, as mentioned therein, were not set forth or referred to as an exhibit. No facts are therein alleged on which to conclude that the order of the superior court sustaining the certiorari terminated the case. The order simply states: "The foregoing certiorari coming on to be heard, and after argument of counsel, it is hereby sustained. This 4th day of May, 1944. Walter C. Hendrix, judge superior court Atlanta circuit." To state the question differently, it does not affirmatively appear from the allegations of this ground of the plea in bar that the question presented to the superior court in the petition for certiorari was a prevailing question of law on which the court was required, under the Code, § 19-501 (a part of which is hereinafter quoted), to enter up a final order or judgment determining the case; it does not affirmatively appear from this ground of the plea that the judgment of the court sustaining the certiorari did not involve a question of fact. In the absence of such affirmative averments it will be assumed by this court that the allegations of the petition for certiorari were not based on the ground of a question of law which controlled the final determination of the case. But on the other hand, it will be presumed, in the absence of such affirmative allegations, that the trial judge acted within the jurisdiction of the court in ordering the defendant to trial again. Under the Code, § 19-501, it is provided, among other things, that: "In all cases when the error complained of is an error in law which must finally govern the case, and the court shall be satisfied there is no question of fact involved which makes it necessary to send the case back for a new hearing before the tribunal below, it shall be the duty of the said judge to make a final decision in said case, without sending it back to the tribunal below." The allegations of fact in the second ground of the defendant's plea in bar, in our opinion, are insufficient as a matter of law to show that the judgment of the superior court set out in the plea was a final termination of the case "once and for all in favor of the defendant Ike Sneed, and terminated the further jurisdiction" of the criminal court of Fulton County to try the case again. In our view, under this

108

record, the order of the court as set out in this ground of the plea in bar was merely the grant of a new trial. The court therefore did not err in the judgment dismissing this ground of the plea as being insufficient in law.

■ We come next to consider whether the judge of the superior court erred in not entering a final judgment discharging the defendant. The record reveals that on the hearing the certiorari was sustained because of the illegal admission of testimony over objections of the accused. In view of what we have said above, the court did not err in sustaining the certiorari for the reason mentioned in the judgment, and in ordering a new trial of the defendant (*Porterfield* v. *Thompson,* 4 *Ga. App.* 524, 61 S. E. 1055; *Tuten* v. *Towles,* 36 *Ga. App.* 328, 136 S. E. 537; *Murphy* v. *Drum & Bugle Corps,* 55 *Ga. App.* 293, 190 S. E. 67), and in not entering a final judgment terminating the case.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

ON MOTION FOR REHEARING.

We are asked to transfer this case to the Supreme Court in order that the constitutionality of the act of 1891 (supra), creating the criminal court of Fulton County in regard to demand for trial may be passed upon by that court. There was no proper constitutional question raised in the court below as to the constitutionality of this provision of the act. Therefore it follows that no constitutional question thereon was raised in the court below. Consequently there is no question to transfer to the Supreme Court. It was our intention to make this point clear in the beginning of our original opinion.