34111.  PUTNAM *v.* SEWELL.

DECIDED JUNE 17, 1952.

*James B. Langford,* for plaintiff in error.

*J. T. Pope Jr., R. F. Chance,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ It is contended that the judge erred in entering up a final order in the case, as the questions involved were mixed questions of law and fact, for which reason, upon a judgment of reversal, the case should have been sent back to be tried again. *Deaton* v. *Taliaferro,* 80 *Ga. App.* 685 (57 S. E. 2d, 215); *Smith* v. *Bragg,* 68 *Ga.* 650; *Murphy* v. *Drum & Bugle Corps,* 55 *Ga. App.* 293 (190 S. E. 67). It was held in *Alabama Great Southern Ry. Co.* v. *Austin,* 112 *Ga.* 61 (37 S. E. 91), that, where issues of fact are involved, the superior court has no authority to render a final judgment, and in the *Murphy* case, supra, that even though the former judgment was without evidence to support it, nevertheless, if issues of fact might arise on a retrial, the superior court must remand the case for a new trial. This seems to be the settled law of this State as to the construction of Code § 19-501 which provides as follows: "Upon the hearing of a writ of certiorari the superior court may order the same to be dismissed, or return the same to the court from which it came, with instructions; and in all cases when the error complained of is an error in law which must finally govern the case, and the court shall be satisfied there is no question of fact involved which makes it necessary to send the case back for a new hearing before the tribunal below, it shall be the duty of the said judge to make a final decision in said case, without sending it back to the tribunal below." Counsel for the plaintiff in error contends, under the authority of *Ayres* v. *Taylor,* 54 *Ga.* 264, that, under the original wording of the statute from which this Code section was adopted, the judge of the superior court has a right to enter up a final

judgment in all cases when he is "satisfied there is no question of fact involved which makes it necessary to send the case back for a new hearing," and that his judgment in so doing should not be reversed unless it shows a manifest abuse of discretion, and this regardless of whether or not a question of law is involved. We do not find such discrepancy in meaning between the original statute and the Code section as counsel seeks to urge, but, if it did exist, the law has been many times construed by the Supreme Court, and this court is bound by its construction thereof, to the effect that where issues of fact are involved the superior court should not enter up a final judgment in the case. See many cases under Code (Ann.) § 19-501, catchword "Fact." Nor does the *Ayers* case hold to the contrary, since it was there held that the judge's decision that there was no issue of fact was correct.

In the present case, although the evidence greatly preponderated in favor of a finding that for a period of time estimated by witnesses as up to 60 years the road had been traveled and kept in repair, both by the people of the community and by the county, yet there was some evidence (a) that a new road had been created at the north end, (b) that the road had been abandoned between 1932 and 1945, and a new road had been made along the bank; (c) that the roads together covered a space more than 15 feet in width, and (d) that the plaintiff had himself closed up the road by placing a fence across it. In view of such testimony, it cannot be said that there were no disputed issues of fact, and for this reason the judge of the superior court, in reversing the case, should have remanded the same for a new trial.

■ While the rule of law that an owner of land who sells it and in the deed describes the land as being bounded by a street, road or alley is estopped to deny the existence of such road, and the grantee will acquire an interest in the way so located in such manner that the owner cannot subsequently close it without his consent (*Gibson* v. *Gross*, 143 *Ga.* 104, 84 S. E. 373; *Schreck* v. *Blun*, 131 *Ga.* 489, 62 S. E. 705; *Thompson* v. *Hutchins*, 207 *Ga.* 226, 60 S. E. 2d, 455) is recognized, yet the record here does not sufficiently identify the way in question so as to make that rule applicable and estop the defendant. The defendant, according

to his deed to C. R. Walraven, a predecessor in title to the plaintiff, recognized the way leading to the cemetery by making it a part of the description in that deed, and is thereby estopped to deny the existence of the way leading to the cemetery. *Wimpey* v. *Smart*, 137 *Ga.* 325, 328 (73 S. E. 586). However, the evidence as to whether this way was obstructed between the cemetery and the highway or at some other point farther south of the cemetery is confusing.

The judgment of the superior court reversing the judgment of the court of ordinary is affirmed, but the superior court erred in not remanding the case for a new trial.

*Judgment affirmed with direction that the case be remanded to the court of ordinary for a new trial. Gardner, P.J., and Carlisle, J., concur.*