35878. Law *v.* The State.

Carlisle, J. 1. " 'Upon the hearing of a writ of certiorari the superior court may order the same to be dismissed, or return the same to the court from which it came, with instructions; and in all cases when the error complained of is an error in law *which must finally* govern the case, and the court shall be satisfied there is no question of fact involved which makes it necessary to send the case back for a new hearing before the tribunal below, it shall be the duty of the said judge to make a final decision in said case, without sending it back to the tribunal below.' Code, § 19-501. On certiorari in the superior court the judge of that court has a wide discretion in granting a new trial in the lower court, especially if it is the first grant of a new trial, where the evidence is conflicting and error is assigned on the judgment (or verdict and judgment where a jury is involved) as contrary to law and evidence, although the judgment of the lower court may be authorized, and this discretion will not be disturbed on review unless it appears that it was manifestly abused, and in this respect the sustaining of a certiorari and the grant of a new trial thereunder are on the same basis as the grant of a new trial by a presiding judge and the rules applicable thereto, under the provisions of Code §§ 6-1608 and 70-206." (Italics ours.) *Deaton* v. *Taliaferro,* 80 *Ga. App.* 685 (57 S. E. 2d 215); *Hurt* v. *Stewart,* 49 *Ga. App.* 251 (174 S. E. 924); *Smith* v. *Williamson & Sons,* 43 *Ga. App.* 702 (159 S. E. 912).

2. A superior court may not enter up final judgment on a petition for certiorari from an inferior court where questions of fact are involved, unless there be some question of law involved which would be finally determinative of the case. *Pittman* v. *Alexander,* 19 *Ga. App.* 475 (91 S. E. 910), and citations.

3. Where, on the hearing of a petition for certiorari, assigning error upon the general grounds and one special ground complaining of an excerpt from the charge of the trial court, it appears that the superior court simply ordered that the certiorari be sustained, such order had the effect of reversing the judgment of the trial court finding the petitioner guilty of lottery on two counts; and where, on a subsequent petition for certiorari, involving the same transaction, it appears that the petitioner has been tried again on the same charges and found guilty on only one of the counts, this court will assume that the superior court, by proper order upon the first petition for certiorari remanded the case for a new trial, as in the circumstances the superior court could not have entered a final judgment. See, in this connection, *Tuten* v. *Towles,* 36 *Ga. App.* 328 (136 S. E. 537), and citations.

4. Where, on appeal to this court from a judgment of the superior court overruling the subsequent petition for certiorari, complaining of the petitioner's conviction on the new trial granted by the superior court, it appears that the subsequent petition for certiorari assigns error only on the general grounds, which have been abandoned in this court, and on one special ground in which it is insisted that the judgment of the superior court sustaining the first petition for certiorari established it as the law of the case that the evidence did not authorize the verdict and that the evidence on the new trial being the same as on the first the petitioner's conviction cannot be allowed to stand under the authority

of that line of cases exemplified by *Case Threshing Machine Co.* v. *Cook,* 7 *Ga. App.* 631 (67 S. E. 890)—this court will not disturb the judgment of the superior court overruling the certiorari. Under an application of the rule stated in division 1 of this opinion to the facts of this case, the sustaining of the first certiorari was the equivalent of the first grant of a new trial within the exercise of the sound discretion of the superior court, and such an exercise of discretion does not fix the law of the case. See, in this connection, *Davis* v. *State,* 202 *Ga.* 13 (41 S. E. 2d 414); *Hixon* v. *Callaway,* 5 *Ga. App.* 415 (63 S. E. 518).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 20, 1955.

*Wesley R. Asinof,* for plaintiff in error.

*Paul Webb,* Solicitor-General, *John I. Kelley,* Solicitor, *C. O. Murphy, B. B. Zellars,* contra.