39184. WILLINGHAM v. THE STATE.

Decided November 28, 1961.

*Vane G. Hawkins,* for plaintiff in error.

*Stephens, Fortson, Bentley & Griffin,* for parties at interest.

*Preston M. Almand, Solicitor,* contra.

Jordan, Judge. It is stipulated by counsel for the defendant and the State that the defendant prior to his trial and conviction in the City Court of Athens had been sentenced for the same identical offenses in the Magistrate's Court of Clarke County and that at the time the defendant was tried in the magistrate's court, the City Court of Athens was in existence and had jurisdiction to try all misdemeanor cases in Clarke County.

Accordingly, the sole question for our determination is whether

the Magistrate's Court of Clarke County had jurisdiction to try the defendant for said offenses. If it did, then the City Court of Athens had no authority to try him again for the same offenses, in which event the defendants' plea of autrefois convict should have been sustained. *Hannah v. State*, 97 Ga. App. 188, 189 (102 SE2d 624).

Section 4 of the act of 1960 (Ga. L. 1960, pp. 3208, 3210), creating the Magistrate's Court of Clarke County, provides as follows: "Section 4. Said court and the judge thereof shall also have jurisdiction and power to conduct trials, receive pleas of guilty or of nolo contendere and impose sentence upon defendants charged with the violation of the penal provisions of any and all laws of this State, now in force or hereafter enacted, relating to traffic upon the public roads, streets and highways of this State, including but not limited to penal laws relating to the provisions of Chapters 68 and 92A-1 through 92A-4 of the Code of Georgia, where the penalty for the offense does not exceed that of the grade of misdemeanor, provided the defendant shall first waive in writing a trial by jury. Such jurisdiction and power of said court and the judge thereof shall extend over and throughout the whole and entire County of Clarke and shall be exercised in the same manner and under the same procedure and proceedings as are provided in Chapter 92A-5 Code of Georgia where such jurisdiction is conferred upon the courts of ordinary. The judge of said court shall also have the power to require the posting of cash or surety bonds for appearance in said court and to forfeit the same for nonappearance."

Clearly, under the plain and unambiguous language of this section, jurisdiction to try the offenses in dispute was conferred upon the Magistrate's Court of Clarke County. While Chapters 92A-1 through 92A-4 of the Annotated Code are not part of the official Code of Georgia, as referred to in the above act, the reference to said chapters in section 4 of the act is simply discriptive of the jurisdiction and power granted to the Magistrate Court by said section and is not essential to the grant of the authority itself as contended by the State.

While it is strongly argued in the briefs of counsel for the State that Sec. 4 of the above act is unconstitutional under Art.

1, Sec. 4, Par. 1 of the State Contitution, it does not appear from the record in this case that any attack on the constitutionality of this section was made in the court below or that any ruling on such question was specifically made by the trial court. Therefore, we can only follow the express language of the act of 1960 in holding that under Sec. 4 of said act, the Magistrate's Court of Clarke County had jurisdiction and power "to conduct trials, receive pleas of guilty or of nolo contendere and impose sentence upon defendants charged with the violation of the penal provisions of any and all laws of this State, now in force or hereafter enacted, relating to traffic upon the public roads, streets and highways of this State," which jurisdiction included the authority to accept the defendant's plea for the offenses involved in this case. See *Sneed v. State*, 72 Ga. App. 102 (1) (33 SE2d 29). Of course, had such an attack upon the constitutionality of this section been properly made in the court below, the Supreme Court and not this court would have jurisdiction in the matter.

The Judge of the City Court of Athens, therefore, erred in overruling the defendant's plea of autrefois convict and in thereafter trying and sentencing the defendant for the offenses with which he was charged.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*