## 40487. LOUDERMILK v. ASSOCIATES DISCOUNT CORPORATION.

FRANKUM, Judge. This is the second appearance of this case in this court. On the former appearance, *Loudermilk v. Associates Discount Corp.*, 107 Ga. App. 574 (130 SE2d 831), it was held that the trial court erred in overruling the certiorari because the debtor made out a prima facie defense against the plaintiff's action, and there was no evidence introduced by the plaintiff or the defendant to overcome such prima facie case. Upon the return of the remittitur to the superior court the judgment rendered thereon was "that the writ of certiorari be sustained with judgment for plaintiff, Loudermilk, and with costs on the defendant, Associates Discount Corporation." Thereafter without any order remanding the case to the civil court having been taken, the case was placed on the trial calendar, and the defendant, Loudermilk, filed what he denominated as a plea of res judicata contending, among other things, that the judgment of the superior court was conclusive on the parties as to the issues in the case. This plea was overruled, and after hearing evidence the court entered a judgment for the plaintiff for the amount sued for. This latter judgment is assigned as error along with the judgment overruling the plea of res judicata. *Held:*

The motion to dismiss the writ of error being without merit is denied.

The judgment of the superior court entered on the remittitur from this court was a final judgment in favor of the plaintiff in certiorari and against the plaintiff in the trial court. While such a judgment, under the facts of this case, may not have been authorized, *Dorsey v. Black,* 55 Ga. 315, 319 (2), *Holmes v. Pye & Co.,* 107 Ga. 784, 788 (33 SE 816), *Whiddon v. Atlantic C. L. R. Co.,* 21 Ga. App. 377, 378 (4) (94 SE 617), *Tuten v. Towles,* 36 Ga. App. 328 (2) (136 SE 537), yet, it was, at most, merely an erroneous judgment, and no exception having been taken thereto, it stands as the law of the case, finally disposing of it. When the petition for certiorari was first sanctioned and the writ issued, a supersedeas on any further proceedings in the civil court became effective, which supersedeas remained in effect until the case should be remanded by a proper order of the superior court to the civil

180

court for further proceedings. Since this was not done the case was no longer pending in the civil court and it had no authority to take any action in the case. Accordingly, it erred in not sustaining the defendant's plea invoking the judgment of the superior court as a final disposition of the case.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*

DECIDED FEBRUARY 24, 1964.

*Oze R. Horton,* for plaintiff in error.
*Levy, Buffington & Levy, M. Alvin Levy,* contra.