# Court of Appeals
# of the State of Georgia

ATLANTA,  September 24, 2015

*The Court of Appeals hereby passes the following order:*

**A16D0024.  JARIUS MANN v. CITY OF ATLANTA, GA et al.**

In November 2014, the City of Atlanta Department of Watershed Management ("DWM") dismissed Jarius Mann for cause, on the ground that he accepted from another DWM employee copper that had been stolen from the City.  Following a hearing, the City of Atlanta Civil Service Board ("Board") upheld Mann's dismissal, and he petitioned the superior court for certiorari review.  The superior court issued an order remanding Mann's case to the Board with instructions to "conduct a complete hearing, specifically as to whether the transported copper was found to be stolen."  Mann now seeks discretionary review of this order.  We lack jurisdiction.

Because the case remains pending below, the order Mann seeks to appeal is a non-final order which did not resolve all issues in the case.  He accordingly was required to follow the procedures for interlocutory review as set forth in OCGA § 5-6-34 (b), by timely seeking a certificate of immediate review in the superior court. See *Howell v. Harden*, 231 Ga. 594, 594-595 (2) (203 SE2d 206) (1974); *Rolleston v. Glynn County Bd. of Tax Assessors*, 213 Ga. App. 552 (445 SE2d 345) (1994); *Smith v. Williamson & Sons*, 43 Ga. App. 702 (159 SE 912) (1931) ("A judgment of the superior court sustaining a certiorari for the first time is equivalent to the first grant of a new trial"; when the final determination of such a case "does not depend upon any controlling question of law, and there are issues of fact involved, the superior court has no authority to render a final judgment therein . . . ." (punctuation omitted)); see also *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991) (where both discretionary and interlocutory application procedures apply, the applicant must follow the interlocutory appeal procedure and

obtain a timely certificate of immediate review before filing an application); *Goldwire v. Clark*, 234 Ga. App. 579 (507 SE2d 209) (1998) (in which we granted an application for interlocutory appeal from a superior court order remanding the case to the county school board for a new trial). Mann's failure to failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*___09/24/2015___
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*